TEXAS & PACIFIC RAILWAY COMPANY v. LEROY JOHNSON.

Decided April 29, 1909.

**1.—Charge—Applying Law to Specific Facts.**

The issue of contributory negligence having been submitted only in a general way, it was error to refuse a requested instruction applying the law to the specific facts, in a case where one attempting to remove a block from under the wheels of a car about to be moved by an engine had his fingers caught under the wheel by such movement.

**2.—Fellow Servants—Operating Train.**

A railroad employee engaged in unloading wood from a car, if injured by negligence of another in giving signals for the movement of the engine while he was in a position of danger, could recover though both were of the same grade and engaged in the same service. The negligence was in the operation of the cars within the meaning of the statute relating to fellow servants. (Rev. Stats., art. 4560f.)

Appeal from the District Court of Gregg County. Tried below before W. C. Buford.

*Young & Stinchcomb,* for appellant.—The defendant introduced testimony to the effect that the appellee, when he took hold of the stick of wood or block, knew that it was fastened under the wheel, and that he continued to hold same until the car should move and release it, so that he could then take it from under the wheel, therefore, this being defensive testimony for the appellant, an affirmative charge thereon should have been given, and it was error to refuse to give to the jury the requested instruction. St. Louis S. W. Ry. Co. v. Rea, 99 Texas, 58; Missouri, K. & T. Ry. Co. of Texas v. Hannig, 91 Texas, 347; Yellow Pine Oil Co. v. Noble, 101 Texas, 125.

If any employe of the appellant was guilty of negligence that resulted in the injury of the appellee it was Curtis Smith, a fellow servant at the time, and the appellee can not recover for his negligence. Long v. Chicago, R. I. & T. Ry. Co., 94 Texas, 53; Lakey v. Texas & P. Ry. Co., 33 Texas Civ. App., 44.

*J. N. Campbell* and *Edwin Lacey,* for appellee.—It is not error to refuse a special charge where the matter is fairly submitted in the general charge of the court. Gulf, C. & S. F. Ry. Co. v. Roane, 33 Texas Civ. App., 299; Missouri, K. & T. Ry. Co. of Texas v. McFarland, 75 S. W., 811; Texas & P. Ry. Co. v. Hall, 31 Texas Civ. App., 464; Chicago, etc., Ry. Co. v. Armes, 32 Texas Civ. App., 32.

The uncontradicted evidence shows that at the time the appellee suffered the injuries complained of, he and Curtis Smith were engaged in operating the cars or train of appellant within the meaning of Rev. Stats., art. 4560f, and therefore not fellow servants. St. Louis S. W. Ry. Co. of Texas v. Thornton, 46 Texas Civ. App., 649; Texas & P. Ry. Co. v. Webb, 31 Texas Civ. App., 498; Texas & N. O. Ry. Co. v. McCraw, 43 Texas Civ. App., 247; Long v. Chicago, R. I. & T. Ry. Co., 94 Texas, 53; Seery v. Gulf, C. & S. F. Ry. Co., 34 Texas Civ. App., 89; Gulf, C. & S. F. Ry. Co. v. Howard, 75 S. W., 803.

HODGES, ASSOCIATE JUSTICE.—The appellee brought this suit and recovered a judgment against the appellant for injuries sustained in having his fingers cut off by being run over by one of the appellant's cars. At the time of his injury he was employed in the service of the railway company in the capacity of what is known as a "fire-knocker," his business being to knock fire from the fire-boxes of engines after they were brought in from their run. In his employment as a fire-knocker it was also his duty to unload wood from cars on a

track near by, and frequently such cars had to be moved along the track a short distance by an engine to get them in proper place for unloading. The track on which the car-loads of wood were placed was curved, and it appears also to have been upon a little incline. On the 26th day of February, 1908, the appellee and one Curtis Smith, who was also a "fire-knocker," were ordered by their superior to unload three cars of wood then standing on the track near the roundhouse. In order to hold these cars in position the wheels or trucks had been scotched by having sticks of wood placed in front so as to prevent any forward movement. The train of which these cars formed a part consisted, in addition to the cars loaded with wood, of a dead engine and one or two other box cars. Before beginning their work of unloading it was necessary for appellee and Smith to have these cars moved forward some twenty or thirty feet in order to be in proper position. An engine was accordingly brought out of the roundhouse and attached to the front end for that purpose. The testimony shows that the appellee and Curtis Smith, after the engine had been coupled on, walked on back toward the rear end of the train of cars, removing the scotches or blocks of wood from in front of the trucks. When they reached the car next to the last Smith mounted that car for the purpose of loosening the brakes and of giving the signal to the engineer to start. After he had gone upon the car the appellee undertook to remove a block from in front of the rear truck of the last car, and while doing so the train moved, his hand was caught and some of his fingers mashed off. Upon a trial before a jury he was awarded a recovery of $725 as damages. The first group of assignments complain of the insufficiency of the testimony to sustain the verdict of the jury. In view of the fact that we have concluded to reverse the case upon other grounds, it will be unnecessary to notice those assignments.

The sixth assignment complains of the refusal of the court to give the following special charge: "If you find from the testimony that the stick of wood or block was fast under the wheel of the car, and that the plaintiff took hold of said stick of wood or block for the purpose of removing it when the wheel should move sufficiently to release it, and that he expected the wheel to move and release it, whereupon he intended to remove said stick of wood or block, and that he was injured as a result thereof, and that a reasonably prudent person of ordinary care and caution would not have attempted to remove said stick of wood or block under the circumstances, you will find for the defendant, regardless of whether you find that the defendant or its employes were guilty of negligence or not." The negligence charged in the petition of appellee is that the car was started suddenly forward without giving the appellee any warning, and that this sudden and unexpected movement while he was engaged in the performance of his duty caused the injury. The evidence is pretty conclusive that the engineer had no opportunity of ascertaining the position in which the appellee was at the time he was injured, and had no reason to anticipate that he would then be in the act of removing a piece of wood from in front of the car trucks. The only employe whose conduct could, under the evidence, be regarded as negligent, is that of Curtis Smith, the ap-

pellee's colaborer. Smith testifies that at the time he mounted the car the appellee was standing about six feet from the track, and that he, Smith, did not know that there were any other blocks of wood to be removed; he thought all of them had been taken out. He admits that he forgot about Johnson, the appellee, but explains it upon the ground that he did not know that there was anything else for Johnson to do. Johnson testifies that there were other sticks of wood to be removed, and that he was to remove them; that theretofore Smith had waited for him to give the signal to start when he had completed the removal of all the sticks of wood. He testifies, however, that if the train had not given a *sudden* jerk his hand would not have been caught, and seems to rely upon the *suddenness* of the movement as the real cause of his hand's being caught in the position it was. The appellant offered the testimony of the doctor who treated appellee for his injuries, as to the statements made by him shortly after the injury occurred. According to the testimony of this witness, the appellee at that time stated that he caught hold of the scotch and tried to pull it out; that the wheel was against it so tight that this could not be done; that he was to pull the scotch out when the wheel released it; that the train started and caught his fingers and cut them off; that he was holding the scotch, waiting for the train to move so he could pull it out, and when the car moved it caught his fingers before he could get his hand out. The engineer also testified that when he backed the engine against the wood cars he was given the signal to go ahead; that when he made the first attempt his engine slipped because the brakes had not been taken off. He says he did not at any time jerk the train or start it suddenly. He says the train could not in this instance have started with a jerk, because there was no slack in the couplings. There was other testimony to the same effect. The court instructed the jury generally that plaintiff could not recover if his injuries were caused by his own negligence. There was testimony tending to show that the appellee was injured under circumstances detailed in the special charge above quoted. If so, the appellant had the right to have those facts grouped and presented to the jury upon the issue of contributory negligence. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Yellow Pine Oil Co. v. Noble, 101 Texas, 125.

The only remaining assignments deemed necessary to notice are those which present the issue of fellow servant. It is claimed that Smith and appellee were fellow servants, and that Smith's negligence could not form the basis for any recovery in this case. The evidence does show that appellee and Smith occupied the same grade of employment. But it also shows that at the time the injury was inflicted they were performing a service having for its object the movement of the cars. Appellee was removing obstructions from the track so that the cars could be moved, and Smith was signaling the engineer to move. The entire train was to be moved twenty or thirty feet, and this to be done with a steam locomotive. We think this was "operating the cars" within the meaning of article 4560f of the Revised Civil Statutes, and the doctrine of fellow servant did not apply. Texas & N. O. Ry. Co. v. Walton, 47 Texas Civ. App., 43

For the error in refusing to give the special charge alluded to the judgment is reversed and the cause remanded.

*Reversed and remanded.*