ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. BARROW.

(Court of Civil Appeals of Texas. Texarkana. May 16, 1912. On Motion for Rehearing, June 20, 1912.)

1. TRIAL (§ 260*) — INSTRUCTIONS — REPETITION.

Where the issue of assumed risk was made on the fact of the footboard of a tender being slanting and bent, and the court instructed that if a person of ordinary care would have continued in the service of the defendant with knowledge of the defect, if any, and the danger, if any, etc., the refusal of a special charge that recovery by plaintiff would be precluded by his assumption of risk if an ordinarily prudent person would not have continued to use the board, knowing its defective condition and the danger incident to its use, was not error, since the jury would have reasonably understood that to continue in the service with knowledge of a defect and danger was confined to a continuation of the use of the footboard.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. MASTER AND SERVANT (§ 276*) — ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE.

Evidence, in a brakeman's action for injuries from falling from the footboard of a tender, *held* sufficient to sustain a verdict in his favor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950–952, 954, 959, 970, 976; Dec. Dig. § 276.*]

On Motion for Rehearing.

3. MASTER AND SERVANT (§ 296*) — ACTION FOR INJURIES—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In a brakeman's action for injuries from falling from the footboard of a tender, where there was evidence that the engine was moving backwards, and that the footboard was wet and bent, as was known to him, and the main charge confined the question of contributory negligence to the manner in which he attempted to get down on the footboard, the refusal of a requested charge that the question depended on whether an ordinarily prudent person, knowing the board to be wet and bent, would have attempted to take position upon it "while the train was in motion" was erroneous as excluding facts alleged to amount to contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by George S. Barrow against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff and defendant appeals. Reversed and remanded on rehearing.

The appellee was head brakeman on appellant's freight train. He and the rest of the train crew had left Tyler on the day preceding the injury, and had made a trip over the appellant's line to Waco, and this same crew was returning with the train to Tyler, the place where the injury happened.

On the arrival of the train in the Tyler yards, it became necessary to store certain of the cars on the storage track of appellant. In order to do this, the locomotive, on reaching the yard, pulled north on a siding track, where the cars were to be stored. It then became necessary for the appellee to cut the cars from the locomotive. At this time the train was headed north, and, the switch having been thrown by appellee, the locomotive was backed south over the switch onto the main track, for the purpose of taking the engine to the roundhouse. It became and was the duty of the appellee, by instructions of the conductor in charge of the train, to notify the engineer in charge of the engine pulling the train relative to the time of arrival, and with this purpose in view appellee boarded the appellant's moving engine, and, after repeating the message to the engineer, attempted to descend from the rear of the engine or tank, which was in accordance with the rules of the company, and to take his position upon the rear footboard of the tender or tank of the engine to keep a lookout while the engine was backing in the yards. When he descended from the top of the engine and attempted to place his right foot on the footboard, his foot slipped off of the footboard, and he fell. In falling, he grasped a rod extending along the rear end of the tender, and held in this position until his hold was broken, and he was rolled along the track by the footboard of the engine until knocked to one side by the footboard of the engine. According to the testimony offered by appellee, his foot was caused to slip from the footboard because the footboard at the time was not in proper position, but was bent under the tender at an angle of from 20 to 25 degrees, and also the footboard was wet, which was due to water running out of the cock of the water hose on the rear end of the tender. The appellee predicated negligence upon the footboard's being defective by being deflected from its natural and proper position, and by reason of being wet and slippery because of the water leaking from defective water hose on the rear end of the tender. The appellant answered by general denial, and pleaded assumed risk and contributory negligence. All issues of fact were decided by the jury against the contention of appellant, and their findings are supported by the evidence and sustained.

Marsh & McIlwaine, of Tyler, and E. B. Perkins, and Daniel Upthegrove, both of Dallas, for appellant. Lasseter & McIlwaine, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). [1] The issue of assumed risk was made on the fact of the footboard's being slanting and bent. Upon the issue of assumed risk the court's charge to the jury, as far as is necessary to here state, was: "If you shall find

that a person of ordinary care would have continued in the service of the defendant with the knowledge of the defect, if any, and the danger, if any," etc. The appellant asked a special charge, which was refused, to the effect that appellee would be precluded by assumed risk upon the finding that an ordinarily prudent person would not have continued to use the board, knowing its defective condition and the danger incident to its use. It is the contention of appellant that it was misleading to the jury, and erroneous, to make the test of assumed risk, under the facts, to depend upon whether an ordinarily prudent person "would have continued in the service" with knowledge of the defect and danger, rather than "have attempted to use the board" with knowledge of the defect and danger. The difference between the two charges is in directness of expression rather than in meaning. The court's charge is in the language of the statute. The jury, as men of ordinary mind, would only reasonably have understood that "to continue in the service with the knowledge of the defect and danger" meant and was confined to a continuation of the use of the particular appliance in suit furnished by the company to effectuate the service. There is no reversible error presented. As we think the other objections to the charge do not present error, the first, second, and third assignments are overruled.

The court, in his main charge, fully and affirmatively submitted the issue of contributory negligence, and the fourth assignment is overruled.

The fifth and sixth assignments, complaining of certain portions of the court's charge being on the weight of evidence, are overruled.

[2] Under the evidence in the case, it was a question of fact for the decision of the jury as to whether appellee was precluded by assumed risk, and their finding is sustained. The seventh assignment therefore is overruled.

The eighth and ninth assignments complain that the verdict is excessive. After a careful consideration of the evidence, we have concluded that the judgment of the jury and the trial court in respect to the amount of the award and the effect of the injuries should not be disturbed.

The judgment is affirmed.

#### On Motion for Rehearing.

[3] We have concluded that the record does not warrant the overruling of the fourth assignment of error, as contended by appellant, upon the ground that the court's main charge fully and affirmatively submitted the issues of contributory negligence. The main charge confined the finding of contributory negligence to "the manner in which he attempted to get down on the footboard

in question." The engine was moving backwards, and the footboard of the tender was both wet and in a bent or slanting position; and the evidence tended to show that appellee knew such condition of the footboard when he attempted to take his position for lookout upon the footboard of the tender by descending from the rear of the tender. The special charge asked to have contributory negligence further measured to the effect by whether an ordinarily prudent person, knowing that the footboard was both slanting and wet, would "have attempted to descend from the tank while the train was in motion." "The manner" in which appellee got down on the footboard could not be said to have covered the act of getting down on the footboard in its stated condition at all, "while the train was in motion." Under the decisions appellant was entitled to have all the facts constituting contributory negligence which the evidence tended to prove submitted in a charge to the jury. Reference: Railway Co. v. Samuels, 103 Tex. 54, 123 S. W. 123; Railway Co. v. Johnson, 55 Tex. Civ. App. 495, 118 S. W. 1117. There was reversible error; therefore the motion is granted, the judgment is reversed, and the cause remanded for another trial.