### Dallas Consolidated Electric Street Railway Company v. J. N. Ison.

#### Decided November 19, 1904.

**1.—Contributory Negligence—Charge.**

Where in an action for personal injury contributory negligence is set up as a defense, and the court has given only a general charge on that subject, the defendant is entitled to have such defense affirmatively submitted to the jury upon request for a proper charge thereon.

**2.—Negligence—Violation of City Ordinance—Speed of Car.**

The running of cars in a city at a speed greater than that allowed by ordinance is negligence per se, and the court may so instruct the jury. Such speed, however, to be ground of liability, must have caused or contributed to cause the injury complained of.

**3.—Pleading—Personal Injury.**

In an action for personal injuries to plaintiff's wife an allegation that she was seriously injured in her head, hips, limbs and ankles is insufficient as against a special exception thereto, unless it is alleged that the nature and character of the injuries are such that they can not be more specifically stated.

**4.—Personal Injury—Expenses Incurred—Reasonableness.**

In an action for personal injury evidence of expenses incurred for drugs, domestic help and nurse hire can not be considered when there is no evidence showing that such expenses were reasonable and rendered necessary by reason of the injury.

**5.—Same—Physician's Services.**

Testimony as to services rendered by a physician for which no bill has been rendered and the reasonable value of which is not shown should be excluded by the charge from the consideration of the jury.

**6.—Same—Damages—Inconvenience—Value of Time.**

Evidence that the sickness of plaintiff's wife resulting from the injury had been a great inconvenience to him and had hindered his ministerial duties,

and that his attention to her had taken up time he should have had for study and preparation for his work, does not show any pecuniary loss to plaintiff for which he could recover, in the absence of proof of the value of the time he had lost.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Finley, Etheridge & Harris,* for appellant.—1. Plaintiff's petition should set forth specifically what injuries had been sustained by his wife and the nature, character and extent of such injuries, and where said petition fails to do this, it is error to overrule defendant's exception challenging the sufficiency of said petition. City of Marshall v. McAllister, 43 S. W. Rep., 1043.

2. If the pleadings were sufficient to support such evidence, plaintiff could prove the time lost in attending his wife and the reasonable value of his services, but, hindrance in his ministerial duties and the loss of time from study and preparation of his work, is speculative, and not a proper element of damage therein, and it was prejudicial error to permit plaintiff to testify to such hindrance and loss of time. St. L. S. W. Ry. Co. v. Gregory, 73 S. W. Rep., 28.

3. Where the evidence does not show the amount of expense incurred by plaintiff for medical attention to his wife it is error to submit to the jury as an element of damage "reasonable expense plaintiff may have been compelled to incur in consequence of his wife's fall for medical attention to his wife." Railway Co. v. Tierney, 72 Texas, 313; Railway Co. v. Moore, 72 S. W., 227; Fly v. Hiller, 57 S. W., 360; Oriental v. Barclay, 41 S. W. Rep., 122; Railway Co. v. Kimball, 43 S. W. Rep., 1049.

4. In the absence of proof that such expense is reasonable and necessary it is error to submit to the jury as an element of damage the expense incurred by plaintiff for medical attention, medicine and nurses for his wife. Wheeler v. Ry. Co., 43 S. W. Rep., 876; Railway Co. v. Bellew, 54 S. W. Rep., 1081; Railway Co. v. Sampson, 64 S. W. Rep., 692; Railway Co. v. Rowell, 46 S. W. Rep., 630; Railway Co. v. Highnote, 74 S. W. Rep., 920; Railway Co. v. Warren, 90 Texas, 566.

5. Where the defendant has by pleadings and proof established an affirmative defense it is entitled to a charge grouping the facts establishing such defense and applying the law thereto. Rev. Stat., art. 1317; Railway Co. v. McDowell, 73 S. W. Rep., 975; Railway Co. v. Mangham, 95 Texas, 413; Kelley v. Ry. Co., 78 S. W. Rep., 542-4; Railway Co. v. Short, 58 S. W. Rep., 56; Railway Co. v. Denson, 72 S. W. Rep., 70; Railway Co. v. McGlamory, 35 S. W. Rep., 1058.

*Clark, Mathis & Freeman* and *Wm. H. Clark,* for appellee.—The court did not err in its charge to the jury as complained of, but properly charged the law as to the elements of damage to be considered by the jury in arriving at their verdict in the event they found in favor of plaintiff. Gainesville Ry. Co. v. Lacy, 24 S. W. Rep., 269; City of Dallas v. Jones, 54 S. W. Rep., 606; Railway Co. v. Compton, 13 S. W. Rep., 669; Railway Co. v. Cooper, 20 S. W. Rep., 990; Railway Co.

v. Younger, 40 S. W. Rep., 423; Railway Co. v. Short, 58 S. W. Rep., 58.

RAINEY, CHIEF JUSTICE.—This is a suit to recover damages for personal injuries inflicted upon Mrs. Ison, wife of appellee, while a passenger upon appellant's car. It is alleged in substance that while said car was running at an unlawful rate of speed, the same was suddenly and negligently stopped, throwing Mrs. Ison to the pavement and seriously injuring her.

Defendant answered by exceptions, general and special, general denial, and specially that Mrs. Ison contributed to her injury by attempting to alight from the car while it was in motion. On trial judgment was rendered for plaintiff.

The court erred in refusing to give the following special charge, to wit: "You are instructed that if you should find and believe from the evidence that plaintiff's wife attempted to alight from one of defendant's cars while the same was in motion, and before it had stopped for passengers to alight therefrom, and should further find and believe that a person of ordinary care would not have so acted under similar circumstances, to return your verdict for the defendant." The court gave a general charge on contributory negligence, but under the pleadings and evidence the defendant was entitled to have its defense affirmatively submitted to the jury, and having requested a proper charge it should have been given. Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413; Pelly v. Denison, 78 S. W. Rep., 542.

Complaint is made of the court's charge relating to the speed of the car being in violation of a city ordinance. It is claimed that the ordinance was not introduced in evidence. The statement of facts fails to show that the ordinance was introduced, but there are circumstances which appellee contends show its introduction. As the case will be remanded, we deem it only necessary to say that if the ordinance was not introduced the charge was error, having no basis for its submission. If it was introduced, then the charge was correct. The running of the cars in a city at a speed greater than that allowed by ordinance is negligence per se, and the court is authorized to so tell the jury whenever it is proper to charge on the rate of speed. If the car was running at a higher rate of speed than allowed by city ordinance, to make the company responsible for that reason such speed must have caused or contributed to cause the accident, and, under the evidence, the special charge requested by appellant, embracing this feature, should have been given.

The court erred in failing to sustain defendant's special exception to plaintiff's petition, which alleges that plaintiff's wife was seriously and permanently injured in her head, hips, limbs and ankles. The defendant was entitled to have the plaintiff state the nature and character of the injuries to such parts in order that it might know how to prepare its defense. If the nature and character of the injuries for any reason can not be stated, then the petition must so allege. City of Marshall v. McAllister, 18 Texas Civ. App., 159, 43 S. W. Rep., 1043.

The court, over appellant's objections, admitted the answer of Mrs.

Ison to the ninth interrogatory, which related to expenses incurred as follows: Drug account, $25; domestic help, $50; for attendance of nurse from Texas to Kentucky, $8; expense of same, $28. There was no evidence showing these expenses were reasonable and rendered necessary by reason of the accident. This was error. To entitle plaintiff to recover for these expenses it was necessary to prove that they were reasonable and rendered necessary by the accident. For the same reason the answer of plaintiff to the fifth interrogatory, as to domestic help, should not have been admitted. The evidence failing to show that such expenses were reasonable and necessary, the court should not have charged the jury to find for plaintiff the expenses he was compelled to incur for medicine for his wife, if any, and for services of a nurse or nurses for his wife."

The charge, we think, is also subject to criticism in instructing the jury without qualification to find for such reasonable expenses as plaintiff was "compelled to incur in consequence of his wife's said fall, for medical attention to his wife, if any." The charge states a correct proposition of law, but without qualification under the facts of this case it may have misled the jury in that they may have found for the attention of physicians, the amount of whose bills was not given nor shown to be reasonable. The evidence shows the amount of Dr. Crockett's bill, and that it was reasonable. This was the measure of plaintiff's damages for medical attention. Dr. Buster and an unknown physician at Dallas were shown to have rendered services to the wife of appellee. They had not rendered any bill at the time of trial, but it was not shown that they made no charge. Nor was it shown what said services were reasonably worth. The jury may have estimated the reasonable value of their services, but of this we can not tell. The jury should have been limited in their finding as to Dr. Crockett's bill for medical attention.

The court erred in admitting the testimony of plaintiff as follows: "My wife's sickness, caused by the accident, has been a great inconvenience to me; has hindered me in my ministerial duties, and my attention to her has taken up time I should have had for study and making preparation for my work." This testimony fails to show any pecuniary loss to plaintiff by reason of "hindrance in his ministerial duties" and loss of time from study and preparation for his work. This is an element of damages too remote, and for which the company can not be held responsible. Plaintiff could prove the value of his time necessarily lost in attendance upon his wife, if any, if properly pleaded.

For the reasons stated, the judgment is reversed and cause remanded.

*Reversed and remanded.*