### ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. MOSE SAMUELS.

#### No. 1959. Decided December 15, 1909.

1.—Charge—Contributory Negligence—Affirmative Error.

Where the pleading and evidence presented the issue whether plaintiff, who was injured by falling by night into an unguarded railway cut near the line of a highway where he was walking, was negligent in choosing a way known to be dangerous under the circumstances, rather than another and safe one available to him, a charge directing a verdict for plaintiff if defendant was negligent with respect to the excavation and plaintiff was using ordinary care while traveling the road and strayed therefrom accidentially, presented affirmative error, and not a mere omission. (Pp. 58, 59).

**2.—Contributory Negligence—Use of Dangerous Way.**

Where plaintiff, having a defect in his sight, walking home on a dark and stormy night, selected a way with knowledge that it ran near a deep and dangerous railway cut, there being another and safe road equally available, the question of his contributory negligence in choosing the dangerous way was presented, and if so found constituted a defense, independent of his negligence in the manner of his use of the way selected, which defendant was entitled to have submitted under a requested instruction properly grouping the facts constituting such defense.   (P. 59).

Questions certified from the Court of Civil Appeals for the Sixth District, in an appeal from Bowie County.

*E. B. Perkins, D. Upthegrove* and *Glass, Estes & King,* for appellant.—The court erred in refusing the appellant's special charge No. 3.  Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Texas L. & T. Co. v. Angel, 39 Texas Civ. App., 166.

*Hart, Mahaffey & Thomas,* for appellee.—It was not error for the court to instruct the jury to find for appellee if they believed that appellant made an excavation on its right of way and left it open and unguarded, and that it was guilty of negligence in so doing, and that such excavation was dangerous to persons who might travel along Britton Avenue, provided they found that appellee, while traveling along Britton Avenue, used ordinary care for his own safety, and accidentally and unintentionally strayed from said avenue and fell into the excavation and received injuries.   The charge was not upon the weight of the evidence.   Flint v. Bowman, 15 Texas Ct. Rep., 464; Missouri, K. & T. Ry. Co. v. Dobbins, 40 S. W., 861; Sanders v. Reister, 46 N. W., 680; Lepnick v. Gaddis, 26 L. R. A., 686.

When appellee was injured Britton Avenue was a public highway and had been at least for more than a year; he and the public generally had a right to use it either at night or in daytime.   If, by its acts, appellant rendered the use of said highway dangerous, and as a result appellee was injured, it can not escape liability therefor on the defense of contributory negligence on the part of appellee without showing that appellee knew of the dangerous condition of Britton Avenue, and that, with such knowledge, he used the same, and that an ordinarily prudent person, under the same or similar circumstances, would not have used the same.   Houston & T. C. Ry. Co. v. Dunn, 17 Texas Civ. App., 687.

Mr. Justice Brown delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the Sixth Supreme Judicial District, as follows:

"The above styled cause is now pending on appeal in this, the Court of Civil Appeals for the Sixth Supreme Judicial District, on motion for rehearing.   The suit was originally instituted by the appellee, Mose Samuels, against the appellant, the St. Louis Southwestern Railway Company of Texas, in the District Court of Bowie

County, and in it he sought to recover damages for personal injuries sustained by falling over an embankment into a deep excavation made by the appellant on its right of way. It was alleged in the petition that in May or June, 1905, the railway company, in reducing the grade and lowering its roadbed, made a deep cut on its right of way through what is known as Red Cut Heights, near Texarkana; that there was at the time a public highway known as Britton Avenue, about twenty feet wide, adjacent to and immediately on the north side of this excavation; that this highway was dedicated and in use by the public generally, and this fact was well known to the railway company. The excavation is described as being deep, long and dangerous, and very close to the highway. It is further alleged that appellant negligently left the banks of the cut unguarded, and that appellee, Samuels, who was an old man, while traveling along the highway at night, and on account of the night's being exceedingly dark and stormy and by reason of his being unable to see, accidently slightly strayed from the course of the highway and fell into the excavation and sustained the injuries for which he sued.

"The appellant railway company answered by general denial, general demurrer, and specially alleged the possession and ownership of the ground upon which the cut described is located, and that in making the cut and thereby lowering the grade of its railroad it was in the exercise of the rights and powers conferred upon it by law, and that the alleged highway is in the country beyond the city limits of Texarkana, and outside of its right of way, exists upon paper alone, has not now, and at the time alleged in the plaintiff's petition did not have, any existence in fact. It denied that Britton Avenue was a public highway or had ever been used as such by the public at the time of the injuries complained of. It further alleged that the plaintiff in the suit was trespassing upon the defendant's right of way, and thus pleads contributory negligence: 'Defendant further says that plaintiff should not recover because his own negligence and want of care caused and contributed to cause his injuries.'

"A trial before a jury resulted in a verdict and judgment in favor of the plaintiff below for the sum of $1000, from which the railway company prosecuted an appeal to this court.

"The facts material to the questions here presented are, substantially, as follows: The appellant railway company owns and operates a line of railway running practically west from Texarkana. A short distance from that city its right of way passes through an elevation known as Red Cut. For the purpose of lowering the grade of the roadbed at that point the railway company, at or about the time mentioned in the petition, made a deep excavation. This cut, prior to 1905, was from four to seven feet deep, and about three hundred feet in length. It had been there in that condition for many years. The railway company began its work of lowering the roadbed at Red Cut in May of 1905, and made the excavation both wider and deeper. The width was extended only on the north side of the track, and was carried to within from five to eight feet of the north line of the railway right of way, and the depth was from four to fourteen feet. On the north side of the excavation the wall was left in

a perpendicular position and without any fence or guardrail to protect persons from falling over it and into the excavation. Some time before the appellant made this excavation parties who owned the land lying along on and contiguous to the north side of the right of way at this point laid off their land into lots and blocks, divided and subdivided by streets and alleys, and called it Red Cut Heights Addition. On the south side of the addition thus made, and adjacent to the railway right of way, they dedicated for a street a strip twenty feet in width, called 'Britton Avenue,' which ran east and west and parallel with the railway excavation and for its full length. The deed of dedication was properly placed of record in the county clerk's office. Previous to the dedication of this strip of land an old road ran along on the north side of the railroad, which had been used to some extent as a neighborhood way; but after the excavation it was used but little; and some of the witnesses testify, was practically abandoned. The testimony was conflicting as to the extent to which Britton Avenue was used for travel at the time of the injury herein complained of. Some of the witnesses testify that it was used occasionally by those in the neighborhood, while others say the road had not been used to amount to anything for six or seven years previous; that it was crossed by a ditch, which made travel inconvenient and difficult; and that travel had ceased also because there was a better road running in the same direction on the south side of the railway right of way and which was kept up by the road hands.

"The appellee, Samuels, lived a short distance from and near the railway right of way, on the east side of the Red Cut Heights Addition. On the day he was injured, the .... day of December, 1905, he had gone from his home to that of a neighbor a short distance on the opposite side of this Red Cut Heights Addition, to do some work. He did not return until after dark. The testimony shows that the night was very dark and stormy, and that there were frequent flashes of lightning; that it was difficult, or practically impossible, for him to see his way; and that he was old and feeble, and blind in his right eye—the one next to the excavation. While traveling along on Britton Avenue on that night he strayed from the road and fell over the embankment, into the excavation, and received the injuries for which he brought suit. It is also shown that there was a public highway kept up by the road hands, running parallel with Britton Avenue, on the south side of the railway track at that place, which he could have traveled by crossing the railroad track; that the embankment on that side was not so high nor precipitous as on the north side. The evidence also shows that there were still other ways which Samuels might have taken in going to his home on that occasion.

"A majority of the court think the evidence is sufficient to support a finding by the jury that Samuels knew of the existence of the excavation and was familiar with the roads leading from the place where he had been at work to his home. But Justive Levy is of the contrary conclusion. He thinks the evidence does not go to show that appellee knew that the appellant had made a deep excavation

along the length of the entire street, and had left same open and unguarded, nor that there was a safe road on the south side of the track, and that he knew the road was safer to travel or knew that to enter or travel upon the public street itself was obviously dangerous to him at the time.

"The judges of this court being unable to agree as to the law applicable to this case, I have been directed to certify to your honors the following questions:

"(1)   The court gave the following as a part of his general charge on the issue of negligence: 'If you believe from the evidence, that the defendant made an excavation on its right of way, and left it open' and unguarded, and that it was guilty of negligence in so doing, and that such excavation was dangerous to persons who may travel along said Britton Avenue, and that plaintiff was traveling along said Britton Avenue and was using ordinary care for his own safety, and accidentaly and unintentionally strayed from said avenue and walked into said excavation and was injured, then you will find for the plaintiff.' Was this charge erroneous in that it authorized a verdict for the plaintiff if the jury found that he was not guilty of contributory negligence while walking along the highway in the manner specified in the charge, without reference to whether or not he might have been negligent in undertaking to use that way under the circumstances?

"(2)   If there was such error was it affirmatively misleading in assuming that no other facts existed upon which a finding of contributory negligence available to the defendant in this suit could be based; or was it merely an error of omission of which appellant could not complain in the absence of a refusal to give the special charge mentioned in the succeeding question, or one similar?

"(3)   Did the court err in refusing to give the following special charge, that issue not having been submitted in any other portion of the instruction to the jury: 'If you believe from the evidence that there was a road leading from where plaintiff was going across defendant's track and alongside its south side to a point near to and opposite plaintiff's house, and if you further believe that said road was safe for travel in the night-time; and if you further believe from the evidence that the night was very dark, and that plaintiff was traveling with his right side to said bluff, and that he was blind in the right eye; and if you believe from the evidence that plaintiff knew of the existence of said precipice, and that it was along by and near Britton Avenue; and if you further believe from the evidence that an ordinary prudent and careful person situated and circumstanced as plaintiff was would not have traveled along said embankment, on Britton Avenue, in the night-time, such as the one you may find the night in question to have been—close to said precipice, but would have chosen another route—if you believe from the evidence that he could have conveniently done so, then plaintiff can not recover, and if you so believe, you will return a verdict for the defendant.'"

To the first question submitted we answer that the giving of the charge quoted above was affirmative error, because it excluded from

the consideration of the jury facts which might have been considered in deciding the question of contributory negligence on the part of plaintiff. We will discuss this in connection with the facts under the third question. Cannon v. Cannon, 66 Texas, 687; Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 459.

What we have said in answer to the first question disposes of the second.

To the third question we reply that the defendant was entitled to have all of the facts constituting contributory negligence which the evidence tended to prove grouped and submitted in a charge to the jury for their consideration in passing upon that issue, not limited to his walking near the precipice in the dark, but also whether between the two ways he voluntarily chose the most dangerous. The evidence was sufficient to sustain a verdict by the jury in favor of the defendant upon each of the facts grouped in the charge above recited. The plaintiff testified that he did not know the depth of the cut at the time and place where he fell, but his own testimony shows that he did know of the existence of the cut there and he knew that a short time before his injury a steam shovel had been at work "right along there" and the measurements of the cut show that the cut at that place before the work was done must have been ten feet deep, for at the time and place he was injured the cut measured fifteen feet in depth, and the undisputed evidence showed that the roadbed was lowered from two to four feet; assuming that it was cut down four feet at this place, it must have been eleven feet deep before the track was lowered.

If the plaintiff knew of the existence of the cut and its character, as known to him, made it dangerous to walk near to it on such a night as that he testified to, and also if he knew of the road on the south side of the railroad track and if it was a reasonably safe way for travel, then the voluntary choice between those ways by which the plaintiff undertook to travel in the dark night, under all the circumstances stated in the special charge, if found by the jury to be true, would justify the conclusion that the plaintiff was guilty of contributory negligence, and if so found he would not be entitled to recover. Missouri, K & T. Ry. Co. v. Wall, 102 Texas, 362; and authorities cited; St. Louis & S. F. Ry. Co. v. Mathis, 101 Texas, 342.