PARIS & G. N. R. CO. et al. v. GERMANY.

(Court of. Civil Appeals of Texas. Texarkana. June 20, 1913. On Motion for Rehearing, July 3, 1913.)

APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—INSTRUCTIONS.

Where, in an action for injuries to a passenger, the court erred in eliminating absence of contributory negligence from an instruction stating the facts necessary to be found before the jury could find for plaintiff, and also in not limiting plaintiff's recovery for physicians' services to the sum claimed therefor in the petition, but the court could not say that such errors were reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, the errors were harmless under Civil Appeals Rule 62A (149 S. W. x), providing that a reversal shall not be had for error of law unless the appellate court is of the opinion that the error amounted to such a denial of appellants' rights as was reasonably calculated and probably did cause the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from District Court, Lamar County; A. P. Dehoney, Judge.

Action by Rancem Germany against the Paris & Great Northern Railroad Company and others. Judgment for plaintiff, and defendants appeal. Affirmed on rehearing.

Wright & Patrick, of Paris, for appellants. Birmingham & Calvin and Moore & Hardison, both of Paris, for appellee.

WILLSON, C. J. Appellee, a negro, was a passenger on one of appellants' trains from Grant, Okl., to Paris, Tex. In his petition he alleged that appellants negligently took more passengers on the train than they could safely carry; that he could not get inside the coach to which he was assigned and had to stand in the vestibule of the car; that just before the train reached appellants' depot in Paris, and while the train was in motion, the porter thereon negligently called to the passengers to alight therefrom; that thereupon the passengers began to crowd one another in order to get off the train; and that he was "forced [quoting] by the said passengers from the vestibule and thrown from said car while said train was in motion, and that when he fell from said car his right leg was caught under the wheels of said train and crushed to such an extent that the same had to be amputated just below the knee." The answer of appellants consisted of a general denial and a plea of contributory negligence on the part of appellee in that he voluntarily left the inside of the car and went onto the platform or steps thereof and negligently attempted, while the same was in motion, to alight therefrom, or negligently permitted himself to be shoved off same by other passengers while the car was in motion. The appeal is from a judgment for $3,500 in favor of appellee.

The court instructed the jury as follows: "If you believe from a preponderance of the evidence that at the time plaintiff boarded the train at Grant, Okl., the defendants, or either of them, had sold tickets to more passengers than could be safely carried in the car or cars in said train provided for negro passengers, and that plaintiff was unable to get inside the car or to obtain a seat or place to stand therein on account of the crowded condition, if it was crowded, and had to stand on the platform in the vestibule, and that when the train reached Paris and just before it came to a stop the train porter announced Paris and opened the vestibule in which plaintiff was standing, and that the passengers in their efforts to alight from the train, by reason of its crowded condition, if it was crowded, pushed against plaintiff and caused him to fall or jump from the train while it was in motion, and this was negligence on defendants' part, as that term is above explained, and that as a proximate result thereof plaintiff was injured and damaged as alleged in his petition, you will find for the plaintiff and assess his damages according to the rule hereinafter given you; and, unless you do so find, you will find for the defendants."

We think the instruction was erroneous in that it authorized the jury to find for appellee without reference to whether he had been guilty of contributory negligence or not. However negligent appellants may have been, appellee was not entitled to recover if he himself had been guilty of negligence which proximately contributed to cause the accident resulting in the injury he suffered. Railway Co. v. Samuels, 103 Tex. 54, 123 S. W. 123; Railway Co. v. Allbright, 7 Tex. Civ. App. 21, 26 S. W. 251. We do not think the error

was cured by the instruction following the one set out, in which the court told the jury to find for appellant if they believed appellee was guilty of contributory negligence in the particulars recited in the instruction. The effect of the instructions was to leave the jury without direction what to do if they believed both appellants and appellee were guilty of negligence which was a proximate cause of the accident. The jury should have been told to find for appellant in that event.

In his petition appellee alleged that as a result of the injury to his leg it became necessary for him to have it amputated, and that he was "obliged to pay and become liable to pay for said operation, for medicine and medical treatment, the sum of $200, which sum was reasonable and just to his said physicians and surgeons." It appeared from the testimony that Drs. McCuistion and Lewis and a negro doctor named Etter amputated appellee's leg, and that Etter thereafterwards for a few days, and Lewis for 60 or more days, treated him. It was shown that the reasonable value of Dr. Lewis' services was $120, but the value of the services rendered by Dr. McCuistion and by Dr. Etter was not shown. In his charge on the measure of damages the court told the jury if they found for appellee to allow him such sum as would reasonably compensate him for the injury he had suffered, and that in arriving at the sum they should consider, among other things, "the reasonable value of the services of a physician in attending him and treating his injuries." Appellee was not entitled to recover for services of physicians a sum exceeding that claimed in his petition. The jury may have concluded that the services of Dr. McCuistion and Dr. Etter were worth reasonably as much or more than the services rendered by Dr. Lewis and have construed the instruction as authorizing them to find on account of services rendered by the three physicians a sum in excess of the $200 claimed by appellee. If they so understood the instruction and so found, to the extent at least of the sum exceeding $200 included in the judgment on account of physicians' services it is erroneous. It is clear, we think, that the instruction, considered with reference to the record, was misleading and therefore erroneous. Railway Co. v. Ison, 37 Tex. Civ. App. 219, 83 S. W. 408; Railway Co. v. Green, 48 Tex. Civ. App. 242, 106 S. W. 464.

The assignments in which appellants urge other reasons why they think the judgment should be reversed are overruled, as we do not agree that either of them presents reversible error. But, for errors in the instructions specified above, the judgment is reversed, and the cause is remanded for a new trial.

### On Motion for Rehearing.

Having again considered the record, and with reference, especially, to rule 62a for the government of Courts of Civil Appeals (149 S. W. x), we have concluded that the motion should be granted, and that the judgment of the court below, instead of being reversed, should be affirmed. In the rule referred to the Supreme Court declares that "no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." We are not of that opinion. On the contrary, we think it extremely improbable that the errors for which we reversed the judgment caused the jury to render a verdict different from the one they otherwise would have rendered. Therefore, to give effect to the rule, we grant the motion, will set aside the judgment rendered reversing the judgment of the court below, and instead will affirm the judgment of that court.