SCHOELLKOPF SADDLERY CO. v. CRAWLEY. (No. 7963.)

(Court of Civil Appeals of Texas. Dallas. May 18, 1918. Rehearing Denied June 15, 1918.)

1. HIGHWAYS ⚖=177—NEGLIGENCE—SPEED.
Although the violation of the law regulating the speed of automobiles operated on highways is negligence per se, and is punishable criminally, yet such negligence is not actionable for damages unless it was the proximate cause of the injury.

2. APPEAL AND ERROR ⚖=1064(4)—HARMLESS ERROR—INSTRUCTIONS.
An instruction that "violation of the speed law is not in itself negligence, but becomes so when it is the proximate cause of the damage," held inaptly expressed, though not likely to mislead the jury, and therefore harmless.

3. NEGLIGENCE ⚖=122(3) — CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
Where defendant pleaded contributory negligence of the plaintiff, he assumed the burden of proving it.

Appeal from Dallas County Court; T. A. Work, Judge.

Suit by J. E. Crawley against the Schoellkopf Saddlery Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Spence, Haven & Smithdeal and W. J. Rutledge, Jr., all of Dallas, for appellant. Carden, Starling, Carden, Hemphill & Wallace, of Dallas, for appellee.

RAINEY, C. J. "This suit was filed by J. E. Crawley against G. H. Schoellkopf Saddlery Company in the county court of Dallas county at law, Dallas county, Tex., to recover damages alleged to have been sustained by the plaintiff by reason of a collision between an automobile of the plaintiff, driven by him, and an automobile driven by an agent of the defendant, which collision is alleged to have taken place upon the county road, known as Richardson pike, in Dallas county, Tex., alleged to have been caused by the negligent operation of the automobile being run by and in control of the defendant's agent. The specific prayers were for the sum of $72.90, alleged to have been required to repair plaintiff's automobile, the sum of $90, alleged to have been the reasonable value of the use of said car during the period it was out of commission, and the sum of $450, alleged to have been the difference in market value of plaintiff's automobile before and after the collision. "In addition to the demurrers in defendant's answer, the defendant pleaded in defense a general denial, and for special answer that the plaintiff was guilty of careless and negligent operation of his automobile and thereby caused the collision, and also that the plaintiff was guilty of violating the speed laws of the state of Texas, and was guilty of contributory negligence. And the defendant asked in cross-action for the sum of $58.17, which was the amount defendant paid for the reasonable repair of its automobile after the collision." This accident was a collision between two autos on the Richardson pike leading from Dallas about 8:30 or 9 o'clock at night. One, a Ford, was being driven by W. B. Thornton, a traveling man working for appellant, who was returning to Dallas after a trip out in his territory, and who was then within 6 or 7 miles of Dallas. At the point of collision there was a hill, and the road curved and then sloped in both directions. Appellee was driving a six-cylinder Saxon, and had four passengers with him going from Dallas to Farmersville. The collision damaged both cars, but hurt none of the occupants. The evidence sharply conflicts as to the negligence of each, which caused the accident, and it was an issue for the determination of the jury. Verdict and judgment were rendered for plaintiff for $162, and against defendant on its cross-action. Plaintiff entered a remittitur of $72, leaving the judgment for $90, from which this appeal was taken by appellant.

[1] The first error assigned complains of the third paragraph of the court's main charge, which reads as follows:

"Violation of the speed law is not in itself negligence, but becomes so when it is the proximate cause of the damage."

It is contended:

"That said paragraph of the charge is contrary to the law of this state, in that the violation of the criminal statute limiting the speed of automobiles on public highways to a speed of 18 miles per hour is negligence per se, contrary to the declaration of said paragraph of said charge, all as shown by defendant's bill of exception No. 8."

[2] We are of the opinion that under the law the violation of the act of the Legislature regulating the speed of autos operated on

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

highways is negligence per se, and is punishable criminally, but such negligence is not actionable for damage unless it was the proximate cause of the injury. The said paragraph of the charge was inaptly expressed, but we think it was not calculated to mislead the jury; therefore it was harmless. Railway Co. v. Ison, 37 Tex. Civ. App. 219, 83 S. W. 408; Railway Co. v. Nixon, 52 Tex. 19; Railway Co. v. Nycum, 34 S. W. 460.

The second assignment of error presented complains of the court's refusal to give the following special charge, to wit:

"You are instructed that the laws of the state of Texas provide: 'That no person in charge of an automobile or motor vehicle on any public road, street or driveway, shall drive the same at any speed greater than is reasonable and proper, having regard to the traffic and use of the public road, street or driveway by others, or so as to endanger the life or limb of any person thereon,' and if you believe and find from the evidence in this case that the plaintiff, J. E. Crawley, at the time of the accident herein complained of, was driving his automobile on a public road at a speed greater than was reasonable and proper, and without having regard to the traffic and use of said public road by others, or if you believe and find from the evidence that he was so driving his automobile as to endanger the life or limb of any person on said public highway, then I charge you that the plaintiff, J. E. Crawley, was guilty of contributory negligence as a matter of law as the same is defined in the main charge."

There was no error in refusing this charge. The charge assumes that as a matter of law it would be contributory negligence in violating the automobile speed law in operating an auto on a highway, whether or not such violation was the proximate cause of the injury. The court did not err in refusing the requested charge No. 3, for said charge contains practically the same error as is contained in No. 2, and therefore subject to the same objection.

[3] The fourth assignment is:

"The court erred in paragraph 11 of the main charge in which the jury is charged that 'the burden is on the defendant to prove contributory negligence on the part of the plaintiff, if any, for the reason that the plaintiff, while on the witness stand, made admissions, which admissions were to be determined by the jury as to whether or not the same constituted negligence and for the court to so instruct the jury would be upon the weight of the evidence, as shown by defendant's bill of exception No. 11, filed herein."

The appellant pleaded contributory negligence on the part of appellee, and therefore assumed the burden of proving it. The appellee did not plead it, nor did his evidence show contributory negligence so as to change the burden of proof; therefore there was no error in the court's charge. The court charged the jury, in effect, that if both parties were guilty of negligence to find for neither. The jury adopted the theory of appellee's evidence and found accordingly.

The judgment is affirmed.