HUXFORD v. KINGSBURY et al.    (No. 2534.)

(Court of Civil Appeals of Texas. Texarkana. April 6, 1922. Rehearing Denied April 20, 1922.)

1. New trial ⬦104(3)—New trial for merely cumulative evidence properly denied.

In an action for injuries to one struck by an automobile, into the path of which he stepped after conversing with the driver of a truck, the court did not err in refusing a new trial on the ground of newly discovered evidence that plaintiff was. facing toward the truck when struck as testified to by him and the truck driver at the trial; such evidence being merely cumulative.

2. Appeal and error ⬦1048(2)—Evidence ⬦539—Experienced drivers may testify as to impossibility of avoiding injury to pedestrian, and any error therein harmless.

In an action for injuries to one struck by an automobile, defendant's testimony and that of the driver of a car immediately behind her that she could not have avoided striking plaintiff if she had been going only five miles per hour was admissible, even if expert qualifications were required, where both witnesses were experienced drivers and each stated the facts on which they based their opinion, and not prejudicial, if improper, as the jury could not have been improperly influenced thereby.

3. Highways ⬦184(6)—Findings held not so conflicting as to afford a basis for judgment for defendants in suit for injuries to one struck by an automobile.

In an action for injuries to one struck by an automobile, findings that it was being driven at a dangerous rate of speed, but that the injury was the result of an unavoidable accident, which the court defined as one occurring without the fault of either party, and that plaintiff failed to exercise ordinary care for his own safety, held not so conflicting as to destroy their value as a basis for a judgment for defendants.

4. Appeal and error ⬦264 — Failure to poll jury held not reversible error in absence of exception or request.

Where the court, in the presence of plaintiff's counsel, read to the jury each issue submitted and their answers, which plaintiff's counsel wrote down, and asked them whether such answers were theirs and were agreed to by all, to which they replied affirmatively, and no exception was taken to the court's failure to have their names called and no request made that the jury be polled, there was no reversible error; the purpose of Rev. St. art. 1976, being merely to provide a means for ascertaining whether all the jurors were present.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by H. J. Huxford against E. C. Kingsbury and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Graves & Houtchens and C. F. Clark, all of Fort Worth, for appellant.

Greathouse & Wade, of Fort Worth, for appellees.

HODGES, J. In May, 1920, the appellant was injured in a collision with an automobile driven by Iris B. Kingsbury, one of the appellees. The injury occurred on the Arlington Heights boulevard, a broad highway extending west from the city of Fort Worth. The boulevard was approximately 80 feet wide; the center was occupied by a double track of the street car line; on each side of

the car line a space of about 25 feet wide had been paved with asphalt. People traveling west used the pavement on the north side, and those traveling east toward Fort Worth used that on the south side. On the morning the accident occurred, the appellee Iris B. Kingsbury, in company with a companion, was driving toward the city of Fort Worth, where she was attending school. When within about a mile of the city limits, she observed a wagon on the north side of the boulevard, and a truck on the south side. Both vehicles were standing still. She saw a man, that proved to be the appellant, run across the boulevard from the wagon to the truck, stand on the running board of the truck, according to her testimony, a very short time, and then turn and start back, when he was struck by Miss Kingsbury's automobile. According to the appellant's testimony, he was in the employ of C. E. Brown, who was driving the truck, and he (appellant) was in charge of the wagon standing on the opposite side of the boulevard. When he and Brown met, they both stopped, and appellant went across to deliver Brown a wrench which the latter needed for some purpose about his car. After exchanging a word or two with Brown, he stepped back about 2 or 3 feet from the truck, and while in that position he was struck by the automobile. Appellant stated that his face was turned toward the truck. It was admitted on the trial that he did not look to ascertain whether or not any cars were approaching. The evidence shows that, had he done so, he could have seen this car at a safe distance before it struck him. Appellant was corroborated by the testimony of his employer, Brown. Miss Kingsbury testified that she commenced blowing her horn some time before she reached the truck, and continued to blow it; that appellant paid no attention to her, and just as she was within a few feet of the truck he got right in front of her car; and that the injury was unavoidable. She also testified that she was traveling about 18 miles an hour. Her testimony, except as to the rate of speed, was corroborated by two other witnesses.

The appellant filed this suit against Iris B. Kingsbury and her father, E. C. Kingsbury. The latter was joined upon the ground that he was the owner of the car and that his daughter was using it in furtherance of his business.

The following are, in substance, the findings of fact made by the jury in response to the special interrogatories propounded:

(1) The car being driven was the property of the defendant Iris B. Kingsbury.

(2) At the time the accident occurred she was traveling at the rate of 20 miles per hour.

(3) At the time of the collision she was passing the motor truck at a rate of speed that was dangerous to the life and limb of other persons, but that such rate of speed was not the proximate cause of the accident.

(4) That Iris B. Kingsbury discovered the perilous position of the plaintiff, and did all in her power thereafter to warn him and to avoid the injury.

(5) Immediately prior to and at the time of the accident, the plaintiff was not exercising ordinary care for his own safety; that he was not at that time keeping a proper lookout for approaching automobiles.

(6) The injury sustained by the plaintiff was the result of an "unavoidable accident," which the court defined as one which occurred without the fault of either party.

Upon those findings the court entered a judgment in favor of the defendants below.

[1] In an application for a new trial, the appellant relied upon newly discovered evidence alleged to have been unknown to him at the time of the trial. The new evidence was that of a witness who was upon the scene after the accident occurred. He had examined the ground and discovered evidences tending to show that the appellant was facing south toward the truck at the time he was struck. That testimony was only cumulative of what the appellant and one of his witnesses swore, and for that reason the court committed no error in refusing the motion for a new trial.

[2] In the course of the trial, D'Arcy, a witness for the appellees, testified that he was driving in a car immediately behind Miss Kingsbury at the time the accident occurred; that he had been following her for about one mile; that he knew the rate of speed at which she was traveling, by observing his own speedometer. He saw the appellant cross the boulevard to the truck, and saw him start back. He corroborated Miss Kingsbury as to the distance appellant was from the truck at the time he was struck. After testifying that he had been driving cars for at least eight years, had owned his own car four or five years, and had driven approximately 750 miles per month, he was permitted, over the objection of the appellant, to make this statement:

"In my opinion, from the manner in which the plaintiff was crossing the road and the way the defendant was driving the car, Miss Kingsbury could not have avoided striking the plaintiff if she had been proceeding only at the rate of five miles per hour, as I know I couldn't have, and I don't think any one else."

Miss Kingsbury testified that she had been driving a car for four or five years. She was permitted, over the objection of the appellant, to testify:

"If I had been going at a rate of speed of only five miles an hour, it could not possibly have been avoided, because I was within a very few feet of Mr. Huxford when he deliberately jumped into the car and I could not possibly have avoided it."

Appellant objected to both of those statements upon the ground that they were the opinions of the witnesses. It requires no expert knowledge, under conditions such as were shown in this instance, to say that a collision was unavoidable, or that it could not have been prevented had the car been going at a very low rate of speed. But even if expert qualifications were required as the basis of an opinion, the evidence shows that both of the witnesses were experienced automobile drivers; each of them had stated the facts upon which they based their opinion; and the jury could not have been improperly influenced by their expressions of opinion if such expressions were improper.

[3] It is also contended by appellant that the findings of the jury are so conflicting and inconsistent that they could not be made the basis of a judgment in favor of the appellees. There do appear some slight inconsistencies in the findings, but none of them made it imperative upon the court to render a different judgment, or improper to render the one entered. For instance, the jury found that at the time the accident occurred Miss Kingsbury was driving at a dangerous rate of speed, but they also found that such rate of speed was not the proximate cause of the accident. The contention seems to be that the first finding is inconsistent with the finding that the injury sustained by the plaintiff was the result of an unavoidable accident when considered in the light of the court's definition of an "unavoidable accident" as one which occurred without the fault of either party. The latter finding, it is claimed, is inconsistent with the further finding that the plaintiff failed to exercise ordinary care for his own safety. There is no such conflict in these findings as to destroy their value as a basis for a judgment in favor of the appellees. In finding that the injury was the result of an unavoidable accident, the jury acquitted Miss Kingsbury of any culpable negligence. If that be true, the court could not have rendered a judgment against her, even though the plaintiff was not guilty of contributory negligence.

[4] It appears from the bill of exception incorporated in the record that, when the jury returned the verdict, their names were not called as required by article 1976 of the Revised Civil Statutes. Appellant assigns that failure on the part of the court as reversible error. The bill of exception was as follows:

"Be it remembered that upon the trial of the above entitled and numbered cause, and after the jury had informed the court that a verdict had been reached, the said jury was brought into court and the verdict was delivered to the court in the absence of the counsel for the plaintiff, and the said verdict was delivered to the court without first having the names of the jury called by the clerk, and the names of the members of the said jury had not been called since they had been sworn in as jurors in said cause.

"Be it further remembered that the counsel for the plaintiff came into the courtroom after the jury had delivered the verdict to the court and before the same was read by the court, and that after said counsel had come into the courtroom the court read over to the jury each issue that had been submitted to them in this cause, and the answers that he had found written thereto, and that counsel for plaintiff have a copy of said charge and issues, and wrote down the answers as the court read them to the jury at said time, that, after each and all of the issues and the answers thereto as returned by the jury had been read by the court to the jury, he asked them whether or not such answers as he found written and had read correctly represented the answers that they had made and written to such questions, and the jury stated affirmatively that they did. The court then further asked them whether or not such answers were agreed to by all of said jurors, and they all stated that they did. The court thereupon delivered said verdict of the jury so returned to the clerk of this court.

"That all of said proceedings had, as above stated, were in the presence and hearing of the counsel for plaintiff. That he took no exception at said time to the failure of the court to have the names of the jurors called, having had ample opportunity to do so, and that he made no request that same be done, and that he made no request that said jury be polled."

While the article of the statute referred to does direct that the names of the jurors be called, there was no reversible error in the failure of the court to do so under those circumstances. The purpose of the statute was merely to provide a means for ascertaining whether or not all of the jurors were present. There is no contention in this case that any of the jurors were absent, nor is there anything to indicate that all of the members of the jury were not present and did not concur in the verdict rendered.

The record contains 25 assignments of error. To notice each of them in detail would prolong this opinion to an unreasonable length. The case is one involving only issues of fact. Practically but two questions were presented: Negligence on the part of the defendant, and contributory negligence on the part of the plaintiff. We think the court fairly and correctly submitted those issues, and the findings of the jury amply support the judgment rendered. There are many assignments not discussed, but they have all been carefully examined and are overruled.

We conclude that the judgment should be affirmed, and it is accordingly so ordered.