## TABER et al. v. SMITH.

### No. 3381.

Court of Civil Appeals of Texas. Amarillo.
April 2, 1930.

Cox & Fulton, of Wichita Falls, and John C. Murphree, of Iowa Park, for appellants.

B. Y. Cummings, of Wichita Falls, for appellee.

HALL, C. J.

The substance of the appellants' statement of the nature and result of the suit, approved by the appellee, we state, as follows:

W. P. Smith sued F. M. Taber and L. C. Stewart to recover injuries alleged to have resulted to Smith's automobile from a collision with a truck owned by the defendants.

It is alleged that the collision occurred on the 7th day of February, 1929; that the defendants were operating a Ford truck used as a delivery vehicle in their tailoring business in the town of Iowa Park; that said truck was being driven along and upon a street or public highway in the town of Iowa Park, more than thirty minutes after sundown, without any lights, and in violation of article 798, Pen. Code, of the state of Texas. This is the only negligence on the part of the defendants, which plaintiff alleges.

Plaintiff further pleads that he was driving his automobile along said highway in the same direction in which the defendants' truck was going, that his auto was a Buick coupé, which was in good condition, and that due to the alleged negligence of defendants in operating their delivery truck, without lights, he ran his car into the rear end of the defendants' Ford truck, damaging his car to the extent of $600.

The defendants answered by general demurrer, general denial, and by special answer, admitting that on said date as alleged in the petition, they owned the Ford delivery truck used in delivering and collecting clothes from their customers in the town of Iowa Park: they further admit, that, on said date said truck was being operated along a street in the town of Iowa Park, approaching the business part of said town and on the Wichita Falls-Iowa Park Highway, traveling in a southeasterly direction, and that the same was being operated without lights.

They plead, by way of justification and excuse for the alleged negligence, that their deliveryman was out delivering clothes before sundown; that he had completed his deliveries in the east end of town before time to turn on his lights; that when said truck left the defendants' place of business, it had been in constant use and was in good running order, and defendants did not know or anticipate that the lighting system was not in good working condition; that the driver of said truck, just prior to the time of the accident, had turned on the ignition switch and found that something had, temporarily, gotten out of order, and that his lights would not burn; that the defendants knew nothing of this condition; that said ignition system had been in good condition prior to that time and they did not know, and could not have known, prior to that time, that the lights were not in good working order.

It is further alleged that the weather conditions were very bad; that it was extremely cold and snowing and sleeting and the streets and roads were covered with snow, sleet, and

724

ice, and that their driver, when he learned of the condition of the lights, stopped at a private residence and telephoned defendants that said car was not working well, that his lights would not burn, and requested that someone come for the car.

They further allege that they had no other car or means of conveyance to send for the truck, and made every effort to get the garages in said town to go for the truck, but, owing to extreme weather conditions and other circumstances, they were unable to procure assistance; that the driver called the second time and told defendants he was about 400 feet from Barbour's Garage and Filling Station on the main highway above mentioned; whereupon, defendants instructed their driver to drive very slowly, upon the extreme right-hand side of the road, and take the car to Barbour's Garage, that being the nearest place where the car could be repaired; that the driver then proceeded only a short distance when the truck was struck by plaintiff's car without any warning of any kind.

They assert that the driving of said car without lights was due to unavoidable condition and accident; that said car being temporarily without lights and the ignition system being out of repair, could not have been foreseen or prevented, and that they used every reasonable means and method to get the car to a place where it could be repaired, which was only about 400 feet from where the defect was discovered, and denied that the driving of said car without lights, under said circumstances, was negligence.

The defendants further alleged that the plaintiff was guilty of contributory negligence, in this: That, notwithstanding the mist, and the sleet and snow, which was on the highway and streets, and had settled on the windshield and lights of plaintiff's car, he was driving through and into said city and within the corporate limits thereof at a very dangerous rate of speed, and in violation of article 789 of the Penal Code of the state of Texas, and also in violation of article 801, subds. (C) and (F) thereof, and that the violation of said articles and laws of the state, by plaintiff, was negligence; that such negligence on his part contributed directly and proximately to plaintiff's damage and injuries.

They further allege contributory negligence on the part of the plaintiff in that he was careless and reckless and was driving his car at a dangerous rate of speed, to wit, from 30 to 35 miles per hour; that he failed to keep a proper lookout ahead; that defendants' truck had a large delivery body such as is commonly used for tailoring purposes, which stood about five or six feet high and on the usual width of bodies of Ford trucks, and could have been easily seen for a sufficient distance for plaintiff to have stopped or turned his car and avoided the collision, if he had been driving at a reasonable and lawful rate of speed, or if he had been keeping a proper lookout.

The case was submitted to a jury upon special issues. Complaint is made of the charge with reference to the following instructions and issues:

"No. 3. Contributory negligence, as that term is used in this charge, means negligence on the part of the plaintiff concurring with some negligent act committed by defendants, such negligent act of plaintiff proximately causing an accident or injury.

"No. 4. The term 'proximate cause,' as used herein, means that cause which produces an injury, and but for which, the injury would not have occurred, and which injury, or some similar injury, could have been foreseen and avoided by the use of ordinary care.

"In connection with the definition of proximate cause already given you, you are instructed that there may be more than one proximate cause of an injury.

"The driving of a motor vehicle in the State of Texas, upon a public highway, without a red light on the rear of said vehicle, 30 minutes after sunset, is negligence in law."

The court then submitted the following special issues, material to the contentions urged here, which were answered as indicated:

"No. 1. Was *defendants' negligence* in operating the Ford truck 30 minutes after sundown, without a red light on the rear thereof, the proximate cause, as that term is defined to you herein, of the injury and damage to plaintiff's automobile? Answer: 'Yes.' "

"No. 4. Was the *plaintiff's negligence* in operating his automobile at a greater rate of speed than 20 miles per hour within the corporate limits of the City of Iowa Park contributory negligence, as that term has been hereinbefore defined to you? Answer: 'No.'

"No. 5. Did plaintiff exercise ordinary care in keeping a lookout for other traffic on the street where the accident is alleged to have occurred? Answer: 'Yes.' "

"No. 8. Was the rate of speed at which plaintiff was going at the time of the accident, the proximate cause of the collision? Answer: 'No.' "

Based upon the verdict, the court rendered judgment in favor of plaintiff against defendants for the sum of $300. From this judgment, the defendants appeal.

The record shows that the defendants objected to the court's definitions of contributory negligence and proximate cause, and excepted to the action of the court in giving special issues numbered 1, 4, 5, and 8.

It will be observed that in special issues numbered 1 and 4, the court assumed that

each party was guilty of negligence and presumably, of negligence per se, in violating the statutes above mentioned.

The first contention by appellant is that, because the court found and assumed that both plaintiff and defendants were guilty of violating a state law, defendants' peremptory instruction should have been given the jury.

The uncontradicted testimony shows that the night of the accident was one of the coldest of the year, and that a frozen mist or fog was falling; that the pavement was covered with ice and that it was probably sleeting and snowing at the time. The plaintiff testified that the truck was traveling slowly at the time of the accident, in the same direction in which he was going, and looked like it was just barely moving; that he left Burkburnett several miles from Iowa Park, about dark, but had turned the lights on his car after he left Burkburnett, and before reaching Iowa Park; that the accident occurred about 7 o'clock p. m., and that he was driving around 30 miles per hour at the time of the accident. Several witnesses testified that, immediately after the accident, either plaintiff or his wife made the statement that they were traveling between 40 and 45 miles per hour. Disregarding this conflict, the evidence of plaintiff and his wife, upon the stand, conclusively shows that they were exceeding the statutory limit of 20 miles per hour.

By special issue No. 4, the court inquired, "Was the plaintiff's negligence in operating his automobile at a greater rate of speed than 20 miles per hour, within the corporate limits of the City of Iowa Park, contributory negligence, as that term has been hereinbefore defined to you?"

■ It is proper to assume the existence of negligence where it is shown by uncontroverted evidence that the party so charged has violated the provision of an express statute or ordinance. Flores v. Garcia (Tex. Civ. App.) 226 S. W. 743; Ward v. Cathey (Tex. Civ. App.) 210 S. W. 289; 5 Tex. Jur. 715.

■ But, since the error, if any, in assuming appellee's negligence, is in appellants' favor, they cannot complain.

■ However, we think the court erred in assuming that defendants were guilty of negligence in running the truck at night without lights, in view of all the circumstances shown by the uncontradicted evidence.

■ Plaintiff showed no facts which would tend to excuse his violation of the law in running faster than 20 miles per hour within the corporate limits of Iowa Park. The extreme cold, the snow and ice on the pavement, the mist, and the absence of chains on his car wheels are all facts which imposed a greater degree of care upon him. Varying circumstances require different degrees of diligence and attention in determining whether he has performed the duty which

the law requires of him. It is proper to take into consideration the tendency of the car to skid, the speed at which it was going, the place of the accident, the nature of the locality, the traffic conditions, light or darkness, and the ability to see ahead, together with any other circumstances having a bearing on the presence or absence of danger, or the reasonableness of the conduct of the driver. An increase of danger calls for an increase of care, the rule in this respect being that the care must be in proportion to the peculiar risk in each case. 42 C. J. pp. 880–882.

With respect to the court's assumption of negligence on the part of the defendants, we think the rule is different. The defendants allege, as an excuse for operating the car without lights and at night, that the ignition system had, up to that time, shown no defects; that they did not know, and had no reason to expect any defect, or to believe that the lights could not be turned on at will; that, as soon as the deliveryman found that the lights were temporarily out of order, he stopped at a private residence and notified defendants; that defendants had no other car to send to his relief, but used their best efforts to obtain service from the garages in Iowa Park, and were unable to get any one to go and repair the car or pull it into a garage; that the driver, after waiting some time, called defendants again and informed them that he was within a block and a half of Barbour's Garage, about 400 feet away. Having failed, on account of extreme weather conditions, to get relief from any of the garages, they instructed their deliveryman to drive very slowly and carefully, on the right-hand side of the road, to Barbour's Garage and have the defective lighting system repaired; that their driver was obeying their directions when the truck was struck from the rear by plaintiff's car.

Under these circumstances, we think the court erred in assuming negligence on the part of defendants.

Defendants requested the following special issue No. 2, which the court refused: "Defendants' Special Issue No. 2. Taking into consideration all the facts and circumstances in this case, as shown by the testimony of the witnesses with reference to the explanation and reasons why defendants' Ford was being driven without lights on the occasion of the accident, find whether or not the defendants were guilty of negligence, as that term has been defined in this charge, in failing to have lights on said Ford truck at the time of the accident?"

■ Proof that the truck was being operated in violation of a statute or ordinance, does not conclusively establish actionable negligence on the part of the defendants or their deliveryman, in driving the truck slowly, although without lights. Though he

was acting technically in violation of the state law, nevertheless, if the evidence tended to show that he was using such a degree of care as an ordinarily diligent and careful person would exercise under the same or similar circumstances, the issue of negligence was one of fact and the defendants' special issue No. 2, should have been given. Co-operative F. Co. v. Southern Surety Co. (Tex. Civ. App.) 264 S. W. 201; 45 C. J. 731, § 121; 5 Tex. Jur. 689; 42 C. J. 887.

The court did not err in refusing to direct a verdict for the defendants.

■ In order to render negligence per se actionable, it must be found to be the proximate cause of the injury. Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; Schoellkopf v. Crawley (Tex. Civ. App.) 203 S. W. 1172; Peters v. Williams (Tex. Civ. App.) 271 S. W. 430.

■ The jury having found that plaintiff's negligence was not the proximate cause of the accident, the court cannot instruct a verdict for the defendant. DeLeon v. Longoria (Tex. Civ. App.) 4 S.W.(2d) 222; Huxford v. Kingsbury (Tex. Civ. App.) 240 S. W. 1028.

■ The appellants insist that since the testimony showed, and the court found, that both parties were guilty of negligence, and because the evidence shows that plaintiff's negligence was a proximate and contributing cause, this court should also render judgment for appellants. This court, like the trial court, is not authorized to set aside an express finding of the jury and substitute the finding of the court and render judgment thereon. While this course has been followed in some instances, the rule is established that if, in the opinion of this court, the verdict and judgment are not supported by the evidence, we can only set aside the judgment and remand the case for another trial. Retailers' Fire Ins. Co. v. Jackson Gin Co. (Tex. Civ. App.) 10 S.W.(2d) 799; Malone v. Dawson, 117 Tex. 377, 5 S.W.(2d) 965, 60 A. L. R. 665, and authorities cited.

For the reasons stated, the judgment is reversed, and the cause remanded.