## GUESS v. TEXAS & N. O. R. CO.
### No. 9790.

Court of Civil Appeals of Texas. Galveston.
Dec. 9, 1932.

J. W. Ragsdale, of Victoria, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, Marcus Schwartz and Sam Devall, both of Hallettsville, and Sewell, Taylor, Morris & Garwood, of Houston (Walton D. Taylor, of Houston, Marcus Schwartz, of Hallettsville, and Calvin B. Garwood, of Houston, of counsel), for appellee.

GRAVES, J.

This statement is substantially taken from the appellee's brief: The appellant, O. K. Guess, instituted this suit as plaintiff in the district court of Lavaca county, Tex., asking for damages for alleged personal injuries claimed to have been sustained by him on June 21, 1930, while working as a laborer for appellee in its roundhouse at Yoakum, Tex. He alleges that he and two other laborers were instructed to move an electric welding machine from one part of the roundhouse to another; that the welding machine was mounted upon a four-wheeled vehicle, having at its front end an iron or steel tongue, by which it was both pulled and guided; that the end of this tongue was oval-shaped so that it could be grasped by hand by any one either in front of or on the sides thereof. Plaintiff pleaded and testified that he was on the left side of the tongue, having the oval-shaped end in front of him and his right side, and was pushing it (not pulling it), and another laborer was on the other side of the tongue pushing in the same manner as he was, and that a third laborer, a negro, was behind the whole machine pushing it from the rear. In the roundhouse were a number of sets of tracks, over which locomotives were moved into the roundhouse to the places where the locomotive engines were stopped and remained for repair. These places with the tracks leading to them were referred to as stalls.

Plaintiff alleged that he and others had been ordered to move the welding machine to stall No. 2, and that the defendant was guilty of negligence in not exercising ordinary care to furnish him a reasonably safe place in

which to perform his work, alleging specifically that there was not sufficient dirt or gravel between the rails of the track entering stall No. 2 to be flush with the tops of the rails; his sole ground of negligence, in his verbis, being this: "That said injuries to plaintiff were the direct and proximate results of defendant's negligence in failing to exercise ordinary care to provide plaintiff with a reasonably safe place in which to perform the labors required of him by it, in this, that the defendant failed to exercise ordinary care in keeping the space approaching its rails and between its rails on said track in said shops across which plaintiff was required, on said date, to move said electric welding-device, properly filled so as the same would be flush with the floor over which said track was laid, and in leaving such rails protruding above the level of such floor space. And that but for such negligence on the part of the defendant such injury would not have occurred."

Defendant answered by general demurrer, special exceptions, and general denial that the injuries complained of were sustained in the manner and to the extent claimed, asserting that they were not sustained at the time and place alleged, but were in fact the result of a condition of long standing. Defendant likewise pleaded that plaintiff was guilty of contributory negligence in a number of respects, each of which it alleged was the sole proximate cause of the accident and resulting injury, if any; it also pleaded the defense of assumed risk.

The plaintiff was the only witness introduced by whom he attempted to show negligence. The other three witnesses introduced were the wife of the plaintiff and the doctors; their testimony having to do with the nature and extent of his injury, but in no wise relating to the question of negligence, or the cause of the accident and resulting injuries, if any. At the conclusion of such testimony in his behalf, the court peremptorily instructed a verdict for defendant; hence this appeal.

This court finds no fault with the holding below, being of opinion that the evidence so presented fails to point out any negligence of the appellee in the respect alleged that reasonably, in the circumstances otherwise exhibited, could have constituted a proximate cause of the unfortunate injury suffered.

■ Even if it was a dereliction toward appellant not to keep the rails and intervening space of the track the welding device had to cross flush with the floor over which it was laid, that became at most a mere damnum absque injuria and gave him no right of action, in the absence of the further indispensable showing that it at least had some causative effect toward bringing about the complained-of mishap, Taber v. Smith (Tex. Civ. App.) 26 S.W.(2d) 722; Harris v. T. & P. Ry. Co. (Tex. Civ. App.) 28 S.W.(2d) 1093; Missouri Pacific v. Horner, 179 Ark. 321, 15 S.W.(2d) 994; St. Louis Southwestern R. Co.. v. Smithhart (Tex. Civ. App.) 9 S.W.(2d) 146; and this latter sine qua non he himself conclusively negatives the existence of.

■ The sole act of omission toward him he testified to was that this track "wasn't filled in"—that is, "it was not level with the rails." He then shows his complete prior familiarity with that and all other material surroundings in the roundhouse, including the equipments and proper operation of the welding machine itself for the movement he sought to subject it to when hurt, and admitted seeing all the conditions ahead of him as he and the other laborers started toward that track with the welding machine, notwithstanding which he got on the inside of its tongue, back of the oval handle at the end, with one of the other workers on the right-hand side, and undertook to push it across the track, with the third employee pushing from behind, knowing full well in advance that, if both its front wheels did not strike the raised rail at the same time it would throw the tongue around either to the right or the left, when, according to his own statement of it, the accident was caused in this way:

"Q. When you pulled this machine up there, tell the jury whether both front wheels went against the rail at the same time, or whether one wheel struck the rail in advance of the other front wheel? A. Both wheels struck the rail.

"Q. Did they strike at the same time? A. I couldn't say that. I don't know.

"Q. You were guiding that machine? A. There may have been a hole in there, I don't know.

"Q. One wheel on this electric welding machine hit the rail stick up and caused this tongue here to swerve around and hit you? A. Yes, sir.

"Q. You know, don't you, that if you pulled this machine up there so that one wheel would hit the rail before the other wheel it would throw this tongue either to the right or to the left, depending upon which wheel first hit the rail, don't you? A. I suppose so; yes.

"Q. You say you tried to guide it so both wheels would come in contact with the rail at the same time? A. So we could get over, yes, sir.

"Q. Did you do that? A. No, sir, we didn't do that.

"Q. The way it came, one wheel actually hit the rail in advance of the other? A. Yes. sir.

644

"Q. That is what caused the tongue to swerve around? A. Yes, sir, that is what throwed the tongue out.

"Q. Now, if you had succeeded in your intention to have both wheels come in contact with the rail at the same time, the tongue would not have swerved? A. If it had hit right, it wouldn't have swerved.

"Q. Whether it hit right depended upon how it was guided? A. No, sir. You might hit it at the same time, and that rail may have grease on it, and it would skid.

"Q. You tried to guide it so that both wheels would strike at the same time? A. Yes, sir.

"Q. You did that, knowing if one wheel struck it in advance of the other it would cause the tongue to swerve? A. Yes, sir."

It thus, not alone admittedly but conclusively as well, appears that the appellee's mere failure to keep the track filled in flush with the floor, assuming that omission to have occurred, did not in reason bring about this accident, but that it must have and did proximately result from the way in which the appellant and his associates, with their eyes fully open at the immediate time to the precise conditions they were encountering, handled the welding machine in so undertaking to push it, with its front wheels askew, over the protruding rail of the track.

This conclusion is emphasized by the further considerations, also undisputedly disclosed, that, to the knowledge of appellant, the machine could not only have been gotten safely across at that same place by his standing in front of its tongue and pulling rather than getting beside it and pushing, but also that he was not confined to that particular route; there being another one that was commonly in use for the purpose.

The peremptory instruction having been properly given, the judgment has been affirmed.

Affirmed.