TEXAS & NEW ORLEANS RAILROAD COMPANY v. EVERETT C. JACKSON.

Decided October 21, 1908.

**1.—Master and Servant—Assumed Risk.**

The risks of injury from negligence of the master which the servant is to be held to have assumed include only such as he knows or must necessarily have known in the discharge of the duties of his service; they do not extend to such as he might have known by the exercise of ordinary care.

**2.—Negligence—Coupling Apparatus.**

The fact that the knuckle of the coupling device of a car was left closed instead of open, either through defect or through the negligence of another employe, whereby plaintiff, in attempting a coupling, was caught and injured by the rebound of a car switched against it, was sufficient to be submitted to the jury as evidence of negligence rendering the master liable.

**3.—Charge—Requested Instruction.**

An instruction to the jury to confine their inquiry as to defendant's negligence to a single definite ground alleged is sufficient to justify refusal of a requested charge withdrawing other grounds of recovery from their consideration.

**4.—Master and Servant—Violation of Rule.**

Where a rule of the master against going between cars in coupling was shown to have been habitually disregarded by employes, a charge which made its violation by the servant a defense against his action for injuries received in consequence, if such act was one lacking in ordinary care, was proper; and a charge making such violation of the rule an absolute defense was incorrect.

**5.—Requested Charge—Invited Error.**

Appellant can not complain of the refusal of a requested charge which is inconsistent with another requested by him and given.

**6.—Requested Charge.**

Where the matter covered by a requested charge is substantially embraced in the instructions given, the requested charge is properly refused.

**7.—Instructions Approved.**

Charge of court in an action by a switchman injured while coupling cars, covering the subjects of negligence, contributory negligence, assumed risk, and violation of master's rules by servant approved and commended.

Appeal from the District Court of Harris County.    Tried below before Hon. C. E. Ashe.

*Baker, Botts, Parker & Garwood* and *Lane, Kelley & Wolters,* for appellant.—An employe of a railroad company necessarily assumes the risk of all dangers which arise in the ordinary discharge of the duties of such business, and by failure to use ordinary care in the discharge of such duty he may assume such risks as arise from the negligence of the master without necessarily knowing of such risks in the ordinary discharge of his duties, but which he would have known and avoided by the exercise of ordinary care. Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Houston & T. C. Ry. Co. v. McNamara, 59 Texas, 256; Missouri Pac. Ry. Co. v. Crenshaw, 71 Texas, 345; Galveston, H. & S. A. Ry. Co. v. Garrett, 73 Texas, 262; International & G. N. Ry. Co. v. Hall, 78 Texas, 660; Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Gulf, C. & S. F. Ry. Co. v. Gray, 25 Texas Civ. App., 99; Smith v. Armour & Co., 37 Texas Civ. App., 633; St. Louis S. W. Ry. Co. v. Rea, 87 S. W., 324; St. Louis, Iron Mountain Ry. Co. v. Higgins, 53 Ark., 458; Texas & P. Ry. Co. v. Rhodes, 71 Fed., 145; Thompson v. Chicago, M. & St. P. R. R. Co., 18 Fed., 239; Motey v. Pickle, 74 Fed., 155.

The mere fact that the car E was left on the track a short distance west of where the plaintiff was attempting to make the coupling between D and the string of cars on the east, and the further fact that the knuckle on the east end of the car E was left closed, did not show negligence on the part of the company, its agents or servants. [This was appellant's first proposition under his second assignment, which asserted error in the eighth paragraph of the charge of the court. There was no eighth assignment submitted.] East Tennessee & W. N. C. R. Co. v. Lindamood, 78 S. W., 99; Texas & P. Ry. Co. v. Shoemaker, 98 Texas, 451; Trinity County Lumber Co. v. Denham, 85 Texas, 56; McRay v. Railway Co., 89 Texas, 169; Broadway v. San Antonio Gas Co., 24 Texas Civ. App., 603.

In order to recover on account of negligence of the defendant the acts of the defendant, its agents or servants, which are alleged to have produced the injury, must be shown to have been the direct and proximate cause of said injury. [Second proposition, second assignment.] San Antonio & A. P. Ry. Co. v. Trigo, 101 S. W., 254; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223; Texas & P. Ry. Co. v. Short, 58 S. W., 57; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 279; Light & Power Co. v. Lefevre, 93 Texas, 607; Galveston, H. & S. A. Ry. Co. v. Kief, 94 Texas, 338; Dawson v. Metal Fireproofing Co., 94 Texas, 429; Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S., 469; Hoag v. Railway Co., 85 Pa. St., 293, 298, 299; Motey v. Pickle Marble & Granite Co., 74 Fed., 155.

The court erred in refusing to give the second special charge requested by defendant. St. Louis, etc., Ry. Co. v. Cassiday, 92 Texas, 527; Houston & T. C. Ry. Co. v. Patterson, 20 Texas Civ. App., 260; St. Louis S. W. Ry. Co. v. Kern, 100 S. W., 973; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 637.

When an employe wilfully disregards a rule of his employer made for his protection against accidents, and which rule was known to him, and as a proximate result of the disregard of such rule he receives an injury, he is not entitled to recover. Missouri, K. & T. Ry. Co. of Texas v. Keefe, 84 S. W., 679; Hynson v. St. Louis S. W. Ry. Co., 79 S. W.,

928; Gulf, W. T. & Pac. Ry. v. Ryan, 69 Texas, 669; Houston & T. C. Ry. Co. v. Norris, 41 S. W., 708; Pilkington v. Railway, 70 Texas, 226; San Antonio & A. P. Ry. v. Wallace, 76 Texas, 637; Gulf, C. & S. F. Ry. Co. v. McMahan, 66 Texas Civ. App., 601; Canadian Pac. Ry. Co. v. Elliott, 137 Fed., 904; Schaub v. H. & St. J. R. Co., 106 Mo., 74; Johnson v. Chesapeake & O. R. R. Co., 36 W. Va., 73.

The court erred in refusing the fifth special charge asked by defendant. International & G. N. Ry. Co. v. Bell, 75 Texas, 50; St. Louis S. W. Ry. Co. v. Brisco, 100 S. W., 989; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 637; St. Louis S. W. R. Co. v. Kern, 100 S. W., 973; Houston & T. C. Ry. Co. v. Patterson, 20 Texas Civ. App., 260; Missouri, K. & T. Ry. v. Rogers, 91 Texas, 58.

The frequent disregard by employes of a rule of the employer, made to safeguard them against danger, does not authorize an employe to violate said rule when he knows, or has reason to believe, that in so doing he is taking risks of danger. St. Louis S. W. Ry. Co. v. Cassiday, 92 Texas, 527; Dallas Consolidated Elec. Co. v. Lasch, 17 Texas Ct. Rep., 846; St. Louis S. W. Ry. Co. v. Brisco, 100 S. W., 989; Benage v. Lake Shore & M. S. Ry. Co., 60 N. W., 286; Loranger v. Lake Shore & M. Ry. Co., 62 N. W., 137.

*Ewing & Ring,* for appellee.—That the charge complained of, even if the issue of assumed risk were in the case, was strictly correct, see Texas & New Orleans R. R. Co. v. Davidson, 20 Texas Ct. Rep., 643, directly in point; El Paso & S. W. Ry. Co. v. Vizard, 39 Texas Civ. App., 534; Galveston, H. & S. A. Ry. Co. v. Stoy, 44 Texas Civ. App., 448; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347, approved and followed not only in above cases but in San Antonio & A. P. Ry. Co. v. Engelhorn, 24 Texas Civ. App., 324; Texas & P. Ry. v. McClane, 24 Texas Civ. App., 321; San Antonio & A. P. Ry. v. Waller, 65 S. W., 210; Bookrum v. Galveston, H. & S. A. Ry. Co., 57 S. W., 920. That plaintiff was not required to exercise ordinary care to know of and avoid defects or dangers, that being the master's duty, see Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 62, 66-7; Peck v. Peck, 87 S. W., 248; Railway v. Davidson, *supra.*

That the jury were warranted in finding that the rebound and injury was the proximate result of negligence of defendant arising from its failure to provide a reasonably safe coupling appliance, or from the neglect of its employes to set the knuckle open; see Trinity Lumber Co. v. Denham, 85 Texas, 60; El Paso & N. W. Ry. Co. v. McComas, 36 Texas Civ. App., 170; Texas & Pac. Ry. Co. v. Bigham, 90 Texas, 223; Murphy v. Galveston, H. & N. Ry. Co., 100 Texas, 490; Pullman Palace Car Co. v. Laack, 143 Ill., 242; s. c., 14 Am. Neg. Cas., 291, 303.

That the jury were warranted in finding that plaintiff's conduct was not contributorily negligent, even if the rule forbidding going between moving cars could apply, since the questionable application of the rule and its habitual disregard, with the acquiescence of those charged with its enforcement, were excusatory circumstances for the jury; see Galveston, H. & S. A. Ry. Co. v. Adams, 94 Texas, 100, 106-7; San Antonio & A. P. Ry. Co. v. Connell, 27 Texas Civ. App., 533, error refused, and cases

cited; Galveston, H. & S. A. Ry. Co. v. Still, 100 S. W., 176, 179, error refused. See, also, Texas Pac. Ry. Co. v. Overheiser, 76 Texas, 437, 440-1, followed by this court in Improvement Co. v. Rohr, 15 Texas Civ. App., 404, 409.

That the violation of the rule, even though it applied, unless negligent in fact, was no defense, see Galveston, H. & S. A. Ry. Co. v. Adams, 94 Texas, 100, 106-7; San Antonio & A. P. Ry. Co. v. Connell, 27 Texas Civ. App., 533, error refused, and cases cited; Galveston, H. & S. A. Ry. Co. v. Still, 100 S. W., 176-179, error refused.

That the error in submitting the issue as one of fact, if error it was, was as to defendant preclusively invited, see International & G. N. Ry. Co. v. Sein, 89 Texas, 63; Houston & T. C. Ry. Co. v. Higgins, 22 Texas Civ. App., 430, 434, error refused.

That where several special charges are asked on the same subject, and one is given, even though the least favorable, no error can be predicated upon the refusal of the others, see Cane Belt R. Co. v. Crosson, 39 Texas Civ. App., 369, error refused; Smith v. International & G. N. Ry. Co., 99 S. W., 566; Milling & Grain Co. v. Gowan, 104 S. W., 916.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit, which resulted in a verdict and judgment for the plaintiff for $6,000, and the defendant has appealed. The case was submitted to the jury upon the following instructions given by trial judge:

"1. Negligence, as a law term, means the want of ordinary care; that is, the want of such care as an ordinarily prudent person would have exercised under the same or similar circumstances.

"2. Contributory negligence, as a law phrase, means such act or omission on the part of a plaintiff as an ordinarily prudent person would not do or suffer to be done under the same or similar circumstances, which, concurring with the negligent act or omission of a defendant, becomes a proximate cause of an injury.

"3. By proximate cause is meant an efficient cause without which the injury would not have happened, and from which danger of injury might reasonably have been anticipated as a natural and probable consequence.

"4. A railroad corporation operating a railroad, the line of which is situated in whole or in part in this State, is made liable by a statute for all damages sustained by an employe thereof while engaged in the work of operating the cars or trains of such corporation by reason of the negligence of any other servant or employe of such corporation; and the fact that such servants or employes were fellow servants with each other would not impair or destroy such liability.

"5. An employer, such as a railroad company, is not required to furnish absolutely safe appliances, but owes to an employe the duty of exercising ordinary care to maintain the appliances with which he is called upon to work in a reasonably safe condition for the use for which they are designated; and negligence of any employe or servant charged with the performance of that duty, no matter what his rank or grade, is deemed in law the negligence of the employer.

"6. An employe of a railroad company is held in law to assume such risks as are ordinarily incident to the service he engages to per-

form and such others as he knows of, or must necessarily have known of in the ordinary discharge of the duties of his service, but risks arising from negligence of the company's servants or employes that is chargeable to it are not assumed by an employe unless he knows of them or must necessarily have known of them in the ordinary discharge of the duties of his service, and until then he has a right to assume that risks arising from such negligence do not exist.

"7.   An employe, in law, is bound to exercise ordinary care for his own safety in the discharge of the duties of his service, and if, by negligence on his own part, he contributes to the injury of which he complains, he can not recover therefor.

"8.   If you believe from the evidence:

"(a) That plaintiff, on the occasion in question, was in the employment of defendant as switchman, and as such engaged in the work of operating its trains or cars at Echo, and that while so employed and engaged he undertook to adjust the drawbars between two cars, and that he was, in so undertaking, acting in the ordinary discharge of the duties of his service, and

"(b) That, while so engaged and undertaking, he was injured by the bounding back of one of the cars, substantially as alleged, and that such bounding back was on account of the car striking another in which the knuckle of its coupling appliance was closed, and

"(c) That defendant had failed to exercise ordinary care to maintain the coupling appliance of which said knuckle was a part in a reasonably safe condition, and that, on account thereof, such coupling appliance was in a condition that kept the knuckle from being open, or

"(d) That said knuckle was not in such condition, but that some employe or servant of defendant, in the course of his service for it, left the knuckle closed, instead of open, and that he in so doing failed to exercise ordinary care, as before defined, and

"(e) That in either event such want of ordinary care was a proximate cause, as above explained, of plaintiff's alleged injuries,

"Then let the verdict be for plaintiff, unless you find for defendant on the issue of contributory negligence or on the issue of assumed risk as submitted by the court.

"9.   The burden is upon the plaintiff to prove, by a preponderance of the evidence, to be considered in its entirety, no matter by which side adduced, the facts necessary to make out a case for his recovery, as submitted by the court in the next preceding paragraph, and unless such facts are so established the plaintiff can not recover.

"10.   Therefore, if you do not believe from the evidence that the car in question bounded back and injured plaintiff substantially in the manner alleged, or if you do not believe that the bounding back of the car, if it did so, was on account of the knuckle of the car it is alleged to have struck being closed instead of open, or if you do not believe that such knuckle being closed, if it was, was due to negligence of the defendant or of one of its servants or employes in that behalf, as before explained, or should believe that the company had used ordinary care to see that same was in a reasonably safe condition, or if you do not believe that such negligence, if shown, was a proximate cause of plaintiff's alleged injuries; that is, an efficient cause, without which they

would not have happened, and from which danger of injury might reasonably have been anticipated as a natural and probable consequence, then let the verdict be for the defendant.

"11. Although you may find that defendant was negligent in the particular submitted, and that such negligence was a proximate cause of plaintiff's alleged injuries, yet if you believe from the evidence that plaintiff, on the occasion in question, in shoving or attempting to shove the drawhead or drawbar to the car attached to the engine, if he did so, he placed his hand in a dangerous position, and that in either or both particulars such conduct, on account of its being contrary to the rule of defendant in evidence, if it was, or independent of such rule, was a failure on his part to exercise such care for his own safety as an ordinarily prudent person would have exercised under the same or similar circumstances, then let the verdict be for defendant on account of plaintiff's contributory negligence.

"12. If you believe from the evidence that plaintiff's alleged injury was the result of a risk ordinarily incident to the service in which he was engaged as an employe of defendant, or that it resulted to him from a risk that was known to him, or must necessarily have been known to him in the ordinary discharge of the duties of his service, then let the verdict be for the defendant on account of plaintiff's having assumed the risk.

"13. In determining the issue submitted in the next preceding paragraph you are instructed that, if plaintiff's alleged injury was the result of defendant's negligence, or that of one of its servants or employes, chargeable to it as submitted by the court, then if plaintiff had no knowledge of the danger or risk thence to him arising until he was injured, and if he would not necessarily have known thereof in the ordinary discharge of the duties of his service until injured, the defense of assumed risk is not sustained.

"14. The only alleged ground of negligence upon which plaintiff relies is that the knuckle on the east end of the stationary car in question was closed, instead of being open, and to that ground alone must your inquiry be confined.

"15. If your verdict is in favor of the plaintiff, then assess his damages at such sum as you believe, from the evidence, will fairly and adequately compensate him for the alleged injuries which you may find he sustained, taking into consideration as elements of damage, so far as shown by the evidence to result, naturally and probably, from such injuries, the following:

"(1) Mental anguish and physical suffering to him therefrom, if any, including such, if any, as you may believe from the evidence will, in reasonable probability, ensue to him therefrom in the future.

"(2) The reasonable value of his lost time therefrom, if any, until now.

"(3) And the reasonable value, if paid now, of his diminished earning power from such injuries in the future, if any.

"16. You will, on the issues submitted, consider the court's instructions to you in their entirety, and not in isolated or detached parts alone, and be bound by the law as given you herein; but you are the exclusive judges of the weight of the evidence and credibility of the witnesses, and

by your conclusions thereon under the law, as given you in charge by the court, let the verdict be determined."

Special charges given at request of defendant:

"1. You are instructed that if you believe from the evidence that the plaintiff, E. C. Jackson, while engaged in coupling and uncoupling the different cars in the yards at Echo on the evening of the accident complained of, at and prior to the time of said accident knew, or by the exercise of ordinary care in the discharge of his duties would have known, of the defective condition of the coupling apparatus on the east end of the stationary car against which the car he was attempting to couple bumped (if you believe such apparatus was defective), and that plaintiff knew, or by the exercise of ordinary care would have known, of the location of said car, and that an ordinarily prudent person under the same or similar circumstances would not have attempted to make the coupling of the cars in the manner plaintiff did, and that such want of ordinary care on his part was the direct and proximate cause of his injuries, then he is not entitled to recover in this case, and if you so find you will render a verdict for defendant."

"No. 6. You are charged that if you believe from the evidence in this case that the plaintiff, in going between the cars in the manner and under the circumstances disclosed by the evidence, violated one of the rules of the company in that regard, but that such rule was habitually violated by the employes of such company; but that, notwithstanding such habitual violation of said rule, such act on the part of plaintiff was one which a person of ordinary prudence would not have performed under the same or similar circumstances, and was a want of ordinary care on his part, and that such want of ordinary care was the direct and proximate cause of his injuries, then he would not be entitled to recover in this case; and if you so find you will return a verdict for defendant."

"No. 8. You are instructed that if you believe from the evidence that the knuckle on the drawhead on the east end of the car against which the car which plaintiff was attempting to couple struck and rebounded was closed, and if you further believe from the evidence that, if said knuckle had been open, there is a probability that said cars would not have coupled, and that said car which struck the stationary car would have rebounded so as to have caught plaintiff's hand, and that plaintiff, in the ordinary discharge of his duties as a switchman knew, or by the exercise of ordinary care would have known, that such rebound might occur whether said knuckle was open or closed, and that plaintiff's attempt to couple said cars under such circumstances was a lack of ordinary care on his part, and that such want of ordinary care contributed to his injuries, then you will find for defendant, although you may believe that the company was guilty of negligence in leaving the knuckle on the stationary car closed."

*Opinion.*—Appellant's first assignment of error challenges the correctness of the sixth paragraph of the court's charge, and the proposition asserted thereunder is that an employe assumes such risks as arise from the negligence of his master as he has knowledge of, or might know and avoid by the exercise of ordinary care. The proposition as-

serted is too broad, and the charge of the court stated the law correctly. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Texas & Pac. Ry. Co. v. Davidson, 20 Texas Ct. Rep., 643; El Paso & S. W. Ry. Co. v. Vizard, 39 Texas Civ. App., 534; Galveston, H. & S. A. Ry. Co. v. Stoy, 44 Texas Civ. App., 448; San Antonio & A. P. Ry. v. Engelhorn, 24 Texas Civ. App., 324; Texas & Pac. Ry. v. McClane, 24 Texas Civ. App., 321. Furthermore, it was not shown that the plaintiff knew or should have known that the appliance which caused his injury was not in proper condition. This being the case, it may be doubted if the question of assumed risk should have been submitted to the jury. At any rate, there was no evidence which would sustain that defense.

Under the eighth assignment the appellant criticises the court's charge upon the contention that it submitted an issue not raised by the testimony and too remote to be considered in deciding the case. We overrule that assignment, and hold that all the issues presented in the paragraph of the charge referred to were presented by the testimony and proper to be considered by the jury.

The third assignment is addressed to the action of the court in refusing a special instruction requested by appellant, stating to the jury that there was no evidence to sustain the second count in the plaintiff's petition, and therefore to find for the defendant upon that issue. In view of instructions given in the charge of the court, and especially the fourteenth paragraph thereof, it must be held that no error was committed in refusing the requested instruction. We must assume that the jury was composed of men of average intelligence and fairness, and, in view of the court's charge, there can be no reason to suppose that the jury was misled, and decided the case upon any ground of negligence charged against the defendant except the one specifically submitted in the court's charge, and to which the charge in express terms limited the jury's consideration.

The plaintiff admitted that before the accident in question he was served with a copy of the rule issued by the defendant which, among other things, warned employes not to attempt to go between cars while in motion to couple them, to open, close or arrange the knuckles or coupling, and that persons guilty of the violation of that rule would be discharged and not reinstated. There was some testimony tending to show that at the time the plaintiff was injured he was between two cars, one of which was in motion. There was testimony to the effect that the rule in question was, with the knowledge of the defendant, habitually disregarded, and that the plaintiff, in going where he did, and doing as he did on the occasion in question, did that which was usual and customary on the defendant's road. Appellant requested three special instructions in regard to the rule in question, one of which the court gave and the other two were not given. The two that were refused were to the effect that a violation of the rule referred to by the plaintiff would constitute a defense, while the one that was given did not have that effect, unless such violation was such an act as a person of ordinary prudence would not have committed under the same or similar circumstances, and was a want of ordinary care on the plaintiff's part.

The fourth and sixth assignments of error complain of the action of the court in not giving the two special charges that were refused. For

three reasons those assignments will be overruled: In the first place, the refused instructions did not state the law correctly. (Galveston, H. & S. A. Ry. Co. v. Adams, 94 Texas, 100; San Antonio & A. P. Ry. Co. v. Connell, 27 Texas Civ. App., 533; Galveston, H. & S. A. Ry. Co. v. Still, 100 S. W., 176.) In the next place they would have conflicted with the special charge given at the instance of the defendant upon that subject; and third, appellant having asked more than one charge upon the same subject, and the court having given one, it can not be heard to complain of the refusal of the others. (Cane Belt Ry. v. Crosson, 39 Texas Civ. App., 369.)

The fifth assignment complains because the court refused the following requested instruction: "You are further charged that a railroad company is required to use ordinary care to provide its employes with safe appliances with which to perform their work, but it is not required to furnish appliances absolutely safe. Reasonable or ordinary care is all that is required. If, therefore, you find from the evidence that the defendant company and its servants had in this case used ordinary care to see and know that the drawhead in question was in a reasonably safe condition, then you must find for the defendant." This instruction would have added nothing not covered by the court's charge, and for that reason, if for no other, its refusal constituted no error.

The seventh and last assignment assails the verdict of the jury on five separate grounds. We overrule that assignment, and hold that, in the particulars referred to, and in all other material respects, the verdict of the jury is sustained by testimony.

In concluding this opinion, we desire to express our approval of the trial court's charge to the jury. It states the rules of law and submits the issues to the jury with a degree of terseness, perspicuity and accuracy which we have seldom, if ever, seen excelled in such a document.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.