**FORT WORTH & D. C. RY. CO. v. AMA-SON et al. (No. 513-4188.)\***

(Commission of Appeals of Texas, Section B. Oct. 14, 1925.)

**1. Trial ⬉352(5)—In submitting issues to jury as to whether defendant's engines set fire to plaintiff's grass, separate issues as to each engine not required.**

In an action for damages caused by fire from defendant's locomotives, court was not required to submit to jury whether defendant's engines caused fire to plaintiff's grass in separate issues as to each engine.

**2. Trial ⬉350(6)—Issue submitting whether defendant used ordinary care in operating locomotive not objectionable as too broad, and not confined to evidence.**

In an action for damages from fire alleged to be caused by defendant's locomotives, submission of issue whether defendant used ordinary care in operating locomotive that set fire to plaintiff's grass was not erroneous as being too broad and indefinite in scope, and not confined to evidence.

**3. Appeal and error ⬉218(2)—Trial ⬉351(2)—Failure to submit issue of proximate cause of grass fire held not reversible error.**

In action against railroad for fire caused by defendant's locomotive, where issue as to proximate cause of destruction by fire of the grass and consequent injury to land was raised by pleadings and testimony, *held*, that failure to submit such issue was not reversible error, in view of fact that trial court's attention was not properly directed to its omission, and other issues submitted sufficiently guarded rights of defendant.

**4. Negligence ⬉56(1) — "Proximate cause" and "remote cause" distinguished.**

"Proximate cause" as distinguished from "remote cause" is that which in ordinary, natural sequence produces a specific result without intervention of independent agents, and, in order to warrant a finding that an act of negligence is the proximate cause of damage done by one to property of another, it is sufficient if it appears under the circumstances that damage done was natural and probable result of negligence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause; Remote Cause.]

**5. Negligence ⬉136(25) — Cause of damage question of fact.**

Whether act of negligence was direct and immediate cause of damage done is a question to be determined from all the circumstances in the case, and is generally a question of fact, as distinguished from question of remoteness of damage, which is one of law for court.

**6. Trial ⬉295(1), 352(7)—Manner of submission of proximate cause to be determined by pleadings and testimony in each individual case.**

Manner of submission of proximate cause is to be determined by pleadings and testimony, and, in testing sufficiency of instructions involving such issue, it must be done in light of all instructions given.

**7. Trial ⬉351(2)—Language in objections to charge of court and requested charge could not be construed as request to submit issue of proximate cause.**

In action for damages from fire caused by locomotive, *held*, that language of objections to charge of court for failure to submit issue of proximate cause and requested charge could not be construed as request to submit such issue applying it to facts in case.

**8. Appeal and error ⬉1062(2) — Failure to submit issue of proximate cause held not prejudicial error.**

In an action for fire caused by locomotive sparks, where defendant complained of failure to submit issue as to proximate cause, *held*, that under issues as given, jury, in order to find against defendant, were compelled to find that act of negligence in operating engine was direct cause from which damage resulted, and hence defendant was not harmed by failure to submit such issue.

**9. Appeal and error ⬉1068(1)—Trial ⬉343—Verdict of jury, given reasonable interpretation, necessarily involved finding that engine of defendant had been operated without ordinary care; want of specific instruction cured by verdict.**

In an action for fire caused by sparks from locomotive, verdict for plaintiff, when given reasonable interpretation in light of evidence, *held* to necessarily involve finding that, had engine of defendant been operated with reasonable care, no damage to plaintiff would have resulted, and hence, even if error was committed in failing to give more specific instructions as to proximate cause, no harm was thereby done calling for reversal.

**10. Railroads ⬉480(1)—Ordinary care in operation presumed.**

In action for damages by fire from defendant's engines, in the absence of affirmative proof to the contrary, it must be presumed that competent engineers exercised ordinary care in their operations at all times.

**11. Trial ⬉352(1)—Requested special issues omitting definitions of proximate cause, negligence, and negligent held properly refused.**

In an action for damages from fire caused by locomotive sparks, the terms "proximate cause," "negligence," and "negligent," as used in requested special issues, were legal terms, and definitions thereof were necessary to enable jury to pass on issues relating thereto; and, where such requested charges did not contain such definitions, they did not state law correctly, and they were properly refused.

**12. Trial ⬉352(5)—Requested special charges which did not comply with statute in submitting issues in writing distinctly and separately with necessary definitions properly refused.**

In action for damages from fire caused by locomotive, defendant's requested special charges were properly refused, where issues embraced in such charges were not separately

and distinctly stated with all necessary definitions and explanations as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, and reversal unauthorized in view of article 1985, because they were not in writing.

**13. Trial ⚖═352(5)—Objection to special issues because they ignored evidence of negligence and proximate cause held without merit.**

In an action for damages from fire caused by locomotive, complaint that special issues ignored evidence raising issues of negligence and proximate cause *held* without merit, in view of fact that to comply with Vernon's Sayles' Ann. Civ. St. 1914, arts. 1984a and 1985, it would be impracticable for court to embrace several material issues in one question to jury.

**14. Trial ⚖═352(5)—Special charge presenting affirmative theory of plaintiff and negative theory of defendant properly refused.**

A special charge which presented affirmative theory of plaintiff and negative theory of defendant, and which, if answered, would have added nothing to information already found, was properly refused; it being in conflict with Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, in presenting both theory upon which plaintiff sought to recover and theory upon which defendant sought to defend.

**15. Trial ⚖═352(5)—Requested issues properly refused as not being separate.**

In action for damages from fire caused by locomotive, requested issues under which, if submitted and answered, two facts could have been found, one that engineer was or was not competent, and the other that he did or did not exercise ordinary care in handling engine, was properly refused as violating Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, requiring each special issue to be submitted separately.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by L. L. Amason and others against the Fort Worth & Denver City Railway Company. Judgment for plaintiffs affirmed by the Court of Civil Appeals (260 S. W. 204), and defendant brings error. Affirmed.

Tatum & Tatum, of Dalhart, Turner & Dooley, of Amarillo, and Thompson, Barwise & Wharton, of Fort Worth, for plaintiff in error.

Bailey & Richards, of Dalhart, for defendants in error.

SHORT, J. We take the following statement of this case from the application for writ of error, which correctly and succinctly states sufficiently the situation, and we refer to the several opinions of the Court of Civil Appeals reported in 239 S. W. 359, 249 S. W. 1090, and 260 S. W. 204, the opinions in each of which upon the previous trials further elucidate the history of the case:

"This case was filed in the district court of Hartley county, Tex., by L. L. Amason and L. P. Amason against the Fort Worth & Den-ver City Railway Company to recover the sum of $6,600 for alleged damages to the grass, turf and roots of certain pasture lands of the defendants in error which it is claimed were damaged, injured, and destroyed by a fire which it was alleged was negligently set out by one of plaintiff in error's engines during the month of March, 1920. The allegations of negligence made by the defendants in error against the plaintiff in error were that plaintiff in error's engine or engines which set the fire in question were not properly constructed with the most approved spark arresters and that they were not kept in proper condition, and it is alleged that said engine or engines were improperly handled or operated by the engineer or engineers operating the same at the time of the fire in question.

"Plaintiff in error, in addition to its general denial in reply to the defendants in error's allegations, specifically denied that it was guilty of any negligence, and also specially pleaded that it exercised ordinary care to equip its engines in question with the most approved spark arresters in use, and that it exercised ordinary care to keep the same in good condition, and plaintiff in error specially pleaded that its engineers operating the engines in question were not negligent, but that they were competent and skillful engineers, and properly operated said engines at the time in question, and were not negligent. Plaintiff in error also alleged that the engines in question were properly constructed with appliances and spark arresters for the purpose of preventing the escape of sparks from said locomotives, other than such as were ordinary and necessary in the operation of the engines, and plaintiff in error's pleadings raised the affirmative defense that, if said engines or either of them set the fire in question, it was the result of sparks or cinders that escaped and necessarily had to escape no matter how carefully the engines were operated and no matter how they were equipped with spark arresters."

The first four special issues submitted in the court's main charge read as follows:

"Issue No. 1: Did the defendant's locomotives, engines 153 and 302, or either of them, set fire to the grass on plaintiffs' land on or about the 14th day of March, 1920? You will answer 'yes' or 'no.' If you answer 'yes,' then you will answer the following issues, but, if you answer 'no,' you need not answer the following issues.

"Issue No. 2: Did the defendant use ordinary care in operating the locomotive engine that set fire to plaintiffs' grass? You will answer 'yes' or 'no.'

"Issue No. 3: Did the defendant use ordinary care to equip the locomotive engine which set fire to plaintiffs' grass with one of the best approved spark arresters in general use to prevent the emission of live sparks and cinders other than such sparks and cinders as would necessarily escape in the operation of said engine? You will answer 'yes' or 'no.'

"Issue No. 4: Did the defendant use ordinary care to keep the locomotive engine that set fire to plaintiffs' grass in repair with one of the best approved spark arresters in general use so as to prevent emission of live sparks and cin-

ders other than such sparks and cinders as would necessarily escape in the operation of said engine? You will answer 'yes' or 'no.' If you answer 'yes' to special issue No. 1, and you answer 'no' to special issues Nos. 2, 3, and 4, then you will answer the following issues; but, if you answer 'no' to special issue No. 1, and you answer 'yes' to special issues Nos. 2, 3, and 4, then you will not answer the following issues.

"You are instructed in connection with issues 2, 3, and 4 that the words 'ordinary care,' as used in said issues, mean that degree of care which an ordinarily prudent person would use under the same or similar circumstances."

The court also, at the special request of the plaintiff in error, gave the following special instructions:

"Special Issue No. 1: (a) Was there an unusual high wind blowing on March 20, 1920, at the time and place alleged in plaintiffs' petition, where plaintiffs' grass was set on fire? You will answer 'yes' or 'no.'

"(b) Was this wind the sole, independent, intervening cause which, if you find sparks were emitted from engines 153 or 302, or either of them, caused said sparks to be conveyed to plaintiffs' grass, if you find that such sparks were conveyed to plaintiffs' grass, and but for which said fire would not have been set out? You will answer 'yes' or 'no.'

"Special Charge No. 1: You are instructed in connection with special issue No. 8, and in arriving at your answer to the same, that the plaintiff would be only entitled to such damages, if as any you find was done to the sod or turf by said fire, and that the same would be based on the value of the grass that said land failed to produce after said fire, by reason of said fire, and you will arrive at said damages by the evidence before you, and only assess such amount as you find from the evidence the value of said grass to be.

"Special Charge No. 2: You are instructed in connection with special issue Nos. 3 and 4 that, under the law, it is the duty of the defendant railroad company to use ordinary care, that is, such care that a man of ordinary prudence would exercise under similar or like circumstances, to provide its engines with the best approved spark arresters for the purpose of preventing the escape of sparks and fire therefrom, other than was ordinary and necessary in the operation of its said engines Nos. 153 and 302, and that it cannot be held responsible for a failure in judgment, or of judgment honestly exercised in an attempt to discharge such duty.

"Special Charge No. 3: You are charged in connection with special issues Nos. 2 and 3 and 4 submitted to you for your answers that the defendant railway company is not required to construct its engines Nos. 153 and 302 so that no sparks would be emitted from same in the operation of said engines, or to so construct the same for the purpose of preventing the escape of sparks from the same so as to cripple their efficiency in performing their functions in pulling defendant's trains, or cripple the efficiency of the defendant's duty to the public, and defendant is only required under the law to use ordinary care in equipping its locomotives with one of the best spark arresters

in general use by railroads so as to prevent the escape of sparks from its said engines, other than those that are ordinary and necessary in their operation, and defendant is only required to use ordinary care in keeping said engines and spark arresters in good repair and serviceable condition, and to have the same operated by competent and skillful engineers, who are required to exercise ordinary care in the operation of said engines so as to prevent the escape of sparks therefrom, other than such as are ordinary and necessary to their operation, and at the same time defendant must give due consideration to the necessities of the railway service, and the duty of the defendant to its patrons and the public, and are not required under the law to equip their said engines in such a way as will cripple or materially interfere with their operation in pulling defendant's said trains, and the duty that defendant owes to its patrons and the public.

"Special Charge No. 4: You are instructed in connection with special issue No. 1, prepared and submitted to you by the court in his main charge, that each fact necessary sought to establish the fact that defendant's 153 or 302 set out the fire of March 14, 1920, must be proved by competent evidence, and that all the facts necessary to establish such conclusion must be consistent with each other, and with the main fact sought to be established, and the circumstances taken together must be of such a conclusive nature and leading, on the whole, to a satisfactory conclusion that defendant's engines 153 or 302 set out fire that consumed plaintiffs' grass, and producing in effect a reasonable and moral certainty that engines 153 or 302 set out said fire, and that said fire was not caused from any other source, and the burden of proof is upon the plaintiff to establish each and every fact by a preponderance of the testimony necessary to establish such conclusion; said fact depending upon circumstantial evidence.

"Special Charge No. 5: You are instructed in connection with special issue No. 3, prepared and submitted to you by the court in his main charge, under the law, that it is the duty of the defendant railway company to use ordinary care in the handling and operation of its locomotives; that is, such care as a man of ordinary prudence would exercise under similar or like circumstances in the handling and operating its engines 153 and 302 on March 14, 1920, so as to prevent cinders and live sparks from being emitted therefrom, other than such as were ordinary and necessary in the operation of said engine to handle its business, and not cripple their service. It is not the duty of said defendant, under the law, to prevent all cinders and live sparks, in the operation and handling of said engine, being emitted therefrom, but only such cinders and live sparks as are not usual and necessary in the operation of said engine."

The jury answered to special issue No. 1 submitted by the court, "Yes," and to special issue No. 2 submitted by the court, "No," and to special issue No. 3 submitted by the court, "Yes," and to special issue No. 4 submitted by the court, "Yes," and to special issue No. 1 requested by plaintiff in error, "No." The other special instructions requested by plaintiff in error and given by the court had for

their purpose the explanation of the matters embraced in the several special issues submitted for the consideration of the jury, and therefore did not require any answer from the jury.

[1] The plaintiff in error complains of the action of the trial court in submitting special issue No. 1 on account of the fact that it permitted the jury to answer whether the grass on defendants in error's land was set fire by either of the engines of plaintiff in error, urging that the court erred in not submitting this question separately so as to apply to each engine. In support of this contention the plaintiff in error cites Cannon v. Cannon, 66 Tex. 682, 3 S. W. 36, and St. Louis & Southwestern R. Co. of Texas v. Samuels, 103 Tex. 54, 123 S. W. 121, both of which cases hold that instructions which exclude from the jury's consideration material evidence are erroneous. It will be noted, however, that in these cases the trial court gave a general charge, while in the case at bar special issues were submitted. Where a case is submitted to the jury in a general charge, it is the duty of the trial court in stating a cause of action or a defense to group all the material facts necessary to embrace the one or the other; and the charge that fails to do this, to which proper exception has been taken, is reversible error. Upon the other hand, where a case is submitted on special issues, this grouping is not necessary. In this case, the plaintiffs' cause of action was based upon allegations embracing the negligence by the plaintiff in error which involved the engines to both trains. There was some evidence that the grass belonging to the defendant in error which was consumed by the fire was destroyed by sparks from the engines of both trains. It was not necessarily in this case a material fact for the court to know which particular engine set fire to the grass or whether the fire was set out from sparks emanating from both engines. If either engine set fire to the grass, it was not material under the facts of this case which one did. So we think that the Court of Civil Appeals did not err in overruling plaintiff in error's third assignment of error and that special issue No. 1 submitted by the trial court was correct.

[2] The plaintiff in error assigns as error the submission of special issue No. 2, which reads as follows:

"Did the defendant use ordinary care in operating the locomotive engine that set fire to plaintiffs' grass?"

The plaintiff in error claims that the submission of this issue was too broad and indefinite in its scope and was not confined to the evidence. It will be noted that the trial court in connection with issues 2, 3, and 4 defines "ordinary care" to mean that degree of care which an ordinarily prudent person would use under the same or similar circumstances. No complaint is made of this definition of ordinary care, and we think none could properly be made. This definition is in accordance with the approved authorities, and was a correct guide for the jury in answering issues 2, 3, and 4 submitted to it. The jury having found that the plaintiff in error did not use ordinary care in operating the locomotive engine that set fire to the defendants in error's grass, and ordinary care having been properly defined, and other portions of the charge of the court being sufficiently comprehensive to obviate the complaint that the submission of this issue was too broad and indefinite in its scope, it is our opinion that issue No. 2 was properly submitted and the rights of the plaintiff in error were safely guarded with respect thereto, in the absence of a more specific request.

Plaintiff in error's first assignment of error is based on the failure of the Court of Civil Appeals to sustain its contention that its special instructions Nos. 10 and 11 should have been given to the jury, and the failure by the trial court to so instruct the jury was such error as deprived it of a substantial right. These two instructions were couched in identically the same words, except No. 10 referred to engine No. 153, while No. 11 referred to engine No. 302.

[3] The application for the writ of error apparently does not stress the claim of error as to subdivisions (a), (b), (c), (d), and (e), but directs especial attention to subdivision (f), and, in discussing this assignment, we will content ourselves by saying that subdivisions (a), (b), (c), (d), and (e) embrace matters in so far as they were material, which are sufficiently covered by either the charge prepared and given by the court or the special instructions prepared by plaintiff in error and given at its request by the court, and therefore there was no necessity or propriety to restate them. However, it is insisted that subdivision (f) correctly presents the issue whether the negligence of which the jury found the plaintiff in error was guilty was the proximate cause of the fire which destroyed the grass of the defendants in error, or, if not, that it was presented in due form, and was sufficiently correct, when taken in connection with the objections duly presented to the charge of the court, to require of the court the preparation and presentation to the jury of the issue of proximate cause as the law of the case under the pleadings and testimony demanded.

The Court of Civil Appeals concluded that, under the pleadings and the testimony, the issue of the proximate cause of the destruction by fire of the grass and the consequent injury to the land was raised, but that the trial court's attention was not properly and duly directed to its failure to submit this issue to the jury. This conclusion by the Court of Civil Appeals is the basis of the first as-

signment of error in the application for the writ of error. 260 S. W. 204. We have reached the same conclusion, and it is our opinion it was not presented in such way as to require the granting of a new trial of the case on account of the failure of the trial court to present the issue for the determination of the jury, in view of the issues which were presented and the explanation of the language used in presenting them given in the special charges Nos. 3 and 5 asked by the plaintiff in error. These issues as explained, in our opinion, sufficiently guarded the right of the plaintiff in error to be protected against liability for any damage done by the emission of sparks of fire not the result of the negligent operation of the engine which did set fire to the grass. The jury could not have concluded, in view of these explanations, that the emission of such sparks was any evidence of the negligent operation of such engine. Such being the situation, and the fact having been established that sparks from one of the engines set fire to the grass, and that this engine was negligently operated, supported by testimony, the proximate cause of the damage was this negligent operation, and the liability of the plaintiff necessarily followed.

The jury having answered that plaintiff in error was not negligent either in the construction or in the maintenance of engines 153 and 302, subdivisions (b) and (d) of said special instructions 10 and 11 asked become unimportant, and it having been seen that the issues embraced in subdivisions (c) and (e) were sufficiently covered by those in the main charge as explained by the special charges given, even had these issues been properly submitted, we will discuss the legal sufficiency of the language of subdivision (f) to convey the idea that the issue of proximate cause was intended to be stated so as to embrace an issue, independent of the issues embraced in subdivisions (c) and (e), as well as the issues embraced in the main charge.

[4-6] Proximate cause is that which in ordinary natural sequence produces a specific result, no independent disturbing agencies intervening. In order to warrant a finding that an act of negligence is the proximate cause of damage done by one to the property of another, it is sufficient that under all the circumstances of the case it appears that the damage done was the natural and probable result of the negligence. The phrase "proximate cause" is the antithesis of "remote cause" of an injury, which is the result of an act of negligence. Whether this act of negligence was the direct and immediate cause of the damage done is a question to be determined from all the circumstances in the case and is generally a question of fact. It ought not to be confused with the question of remoteness of damage, which is one of law to be decided by the court. Be-

ing a question of fact, the manner of its submission must be determined by the pleadings and testimony of each individual case. In testing the sufficiency of instructions involving the issue of proximate cause, it must be done in the light of all the instructions given. Martin v. T. & P. Ry. Co., 87 Tex. 117, 26 S. W. 1052.

[7] The objection to the charge of the court with reference to its alleged failure to submit the issue of proximate cause is phrased as follows:

"Also to submit as to whether or not the fire complained about was negligently set out by the defendant, and the *damages* as sued for by plaintiff was the direct and proximate *cause* of defendant's negligence."

Subdivision (f), the refusal to give which is urged as being reversible error, is similarly phrased, to wit:

"Was damage, if any, to the plaintiffs, the direct *cause* of the sparks being negligently emitted from engine (naming each engine) and setting fire to plaintiffs' grass."

[8] It appears to us doubtful that the language used in either the objections to the charge of the court, or in the aforesaid subdivision of the special charge, can be construed as a request to submit an issue applying the law to the testimony with reference to the principle under discussion. Had the word "damage" used been omitted and the word "negligence" substituted, or had the word "cause" used been omitted, and the word "result" substituted, the idea of submitting the issue of proximate cause would have been conveyed, although as thus written it would not have presented the issue clearly under the pleadings and the testimony. In causes of action similar to this one, the basic fact is negligence, the direct result of which is damage, independent of any other cause. Assuming, for the moment, that the issues presented in special charges 10 and 11 were in proper form, it would seem that the jury should have been asked to find whether the negligence of which the plaintiff in error had been found guilty was the direct cause of the fire, independent of any other cause. Had some such issue been presented in proper form and been refused by the court, we are of the opinion its refusal under the record in this case would not have been ground for a new trial, since an inspection of the entire record convinces us the jury were compelled to find that the act of negligence in operating the engine, which set fire to the grass was the direct cause from which the damage resulted, independent of any other, under a proper construction of the issues submitted in connection with the explanations given them by the special charges heretofore quoted in the light of their answers to issues Nos. 1 and 2. To assume that the jury did not know from

reading the instructions given them by the court the plaintiff in error was not liable for the damage done by the fire to the property of defendants in error, if the fire originated from sparks other than those produced by the *negligent* operation of the engine which set out the fire, is to deny to them the possession of the intelligence of the ordinary citizen legally qualified to do jury service under the law of the state. If they did know therefrom that plaintiff was not liable, they also knew from said instructions that defendants in error could not recover if the fire was set out by sparks necessarily emitted by the engine or engines, and, since there has been no attack upon the integrity of the jury, it logically follows the judgment based on the verdict is valid in so far as the matter under discussion affects it.

[9, 10] Moreover, the jury found in answer to issue No. 1, submitted at the instance of the plaintiff in error, that the wind at the time and place of the fire was not unusually high, and it also appears that both engines were properly equipped and maintained, and that these engines had been used on this line for some time prior to this day by the engineers who were operating them, and that these engineers were competent, and yet there is no suggestion that the sparks which were necessarily emitted in the proper operation of these engines had ever set out any fires under the same or similar conditions, from which facts it may be fairly deduced that the fire was set out on account of the negligent operation of one or both of these engines, as found by the jury, since, in the absence of affirmative proof to the contrary, it must be presumed these competent engineers exercised ordinary care in their operations at all times. As further evidence that the fire was set out by reason of the negligent operation of one or both of the engines, the testimony before the jury warrants the conclusion that the sparks from the engine or engines which set out the fire were not those necessarily emitted in the operation thereof, since the nearest point to the railroad track where the fire was communicated to the grass was further than an engine properly equipped and maintained as these were would throw such sparks when operated with ordinary care, from which testimony it is fairly inferable that the setting out of the fire was the direct result of the negligent operation of one or both of the engines.

We mention these things because they were before the jury and were doubtless considered in construing the meaning of the language used in the general and special charges given as the law of the case, and because the Court of Civil Appeals impliedly adopted them with all the other facts proven upon the trial in harmony with the judgment rendered when it affirmed the judgment of the district court, and are of the opinion a rea-

sonable interpretation of the verdict under the instructions given the jury necessarily involves the finding of fact that, had the engine or engines which set out the fire been operated with ordinary care, no damage would have been done, and that, even if error was committed in refusing to give a more specific instruction as requested, the plaintiff in error has not been deprived of any substantial right thereby, and, in the absence of such deprivation, it cannot legally demand another trial in order to correct the supposed error. Martin v. T. & P. Ry. Co., supra.

[11] Article 1984a of the Revised Civil Statutes as added by Acts 1913C, 59 (Vernon's Sayles' Ann. Civ. St. 1914), requires the trial court to submit to the jury for its findings each special issue raised by the pleadings and testimony *distinctly and separately* and to give such explanations and definitions of legal terms as shall be necessary to enable the jury to pass upon such issues. However, the next article provides that the failure of the court to do these things shall not constitute reversible error upon appeal, unless its submission has been requested in writing. The phrase "its submission," refers to one issue which article 1984a requires to be submitted "*distinctly and separately,*" and this one issue must be accompanied with all necessary explanations and definitions of any legal terms used in stating the issue as shall be necessary to enable the jury to pass upon it. While, generally speaking, the question of proximate cause is one for the determination of the jury, yet, as used in subdivision (f) of special charges 10 and 11 requested by plaintiff in error to be given the jury, we think it was such a legal term within the meaning of the law as demanded that it be defined to enable the jury to pass upon the issue relating thereto. Wherever the question of proximate cause was one for the determination of the jury, its definition in some form has been thought necessary to be embodied in the instructions delivered to juries in passing upon this particular issue. For instance, in T. & N. O. R. Co. v. Jackson, 51 Tex. Civ. App. 646, 113 S. W. 628, the following definition was given by the trial court in its charge to the jury and approved by the Court of Civil Appeals:

"By proximate cause is meant an efficient cause without which the injury would not have happened, and from which danger of injury might reasonably have been anticipated as a natural and probable consequence."

These observations with reference to the term "proximate cause" as used in subdivision (f) are equally applicable to the word "negligent" as used in subdivision (c), and the word "negligence" as used in subdivision (e) of special charges 10 and 11 requested by plaintiff in error and refused by the trial

court. See charge given in T. & N. O. Ry. Co. v. Jackson, supra; Mexican Nat. Ry. Co. v. Mussette, 86 Tex. 708, 26 S. W. 1075. 24 L. R. A. 642.

[12] In causes of action based on negligence, courts have generally found it necessary to define the word "negligence" and the phrase "proximate cause" in charges given juries, assuming that these definitions were necessary to enable them to pass upon the issues which embraced either. We therefore are of the opinion that special charges 10 and 11 did not state the law correctly, and there was no error in refusing to deliver them to the jury. We are further of the opinion that none of the issues embraced in these special charges were in proper form, so as to demand of the trial court the giving of a correct charge upon the issue of proximate cause, beyond what had already been given, since said special charges did not comply with the requirements of article 1984a of the Revised Civil Statutes as added in 1913 in the particulars we have mentioned, and under article 1985 the refusal of said charges is not ground for reversal. There are many cases where trial judges have been held to a substantial compliance with the provisions of article 1984a, and it is evidence that article 1985 demands of litigants as much in submitting to courts the issues desired to be determined by the jury.

What has been said touching the first assignment of error is equally applicable to the second and third, and these assignments, we think, should be overruled.

[13] Complaint is made of special issue No. 1 submitted by the court, wherein the jury answered that engines Nos. 153 and 302, one or both, set fire to the grass, on the alleged ground that it ignored the evidence raising the issue, whether the fire was the result of sparks which were necessarily emitted from one or both of said engines, as well as the issue whether the fire was the result of the negligence of the plaintiff in error. In addition to, and evidently in connection with, these objections, the plaintiff in error presented its special charge No. 9 in this language:

"Gentlemen of the jury: At the request of the defendant you will answer the following special issue:

"If you find that plaintiffs' grass was set from sparks emitted from defendant's engine No. 153 or 302, state whether or not you can find from the evidence whether it was set by sparks being emitted from said engine that were usual and necessary in the operation of said engine, or by sparks being emitted from said engine that were not usual and necessary in the operation of said engine, you will answer 'yes' or 'no.'

"Examined and refused."

In support of the contentions stated, among others, the alleged language in Cannon v. Cannon, 66 Tex. 682, 3 S. W. 36, is cited,

to wit, "Instructions to the jury excluding from their consideration material issues in the case are erroneous;" also language to the same effect in St. Louis Southwestern R. Co. of Texas v. Samuels, 103 Tex. 54, 123 S. W. 121; and it might have cited others, as there is no doubt a charge of the court which does this is erroneous. It is also evident that the special issue No. 1 does not include the questions of negligence and of proximate cause, both of which have been held by the Court of Civil Appeals to have been raised by the pleadings and the evidence. A careful reading of articles 1984a and 1985 leads us to the conclusion that, to comply with them in cases where there are several material issues to be submitted to the jury it would be impracticable for the court to embrace in one question to be answered all of them. For instance, in the case of G. H. & S. A. Ry. Co. v. Worthy, 87 Tex. 459, 29 S. W. 376, our Supreme Court, in discussing a similar situation, uses this significant language:

"This is not a case in which the charge given is defective in omitting something which should have been included, but it is positively erroneous, because it announces a proposition that is not correct as matter of law."

We apprehend that no well-considered case can be found submitted since the enactment of article 1984a upon special issues in which the pleadings and evidence raised several material questions to be considered by the jury, sustaining the proposition for which the plaintiff here contends as presented in this case. We overrule this assignment. Martin v. T. & P. Ry. Co., 87 Tex. 117, 26 S. W. 1052; T. & N. O. R. Co. v. Jackson, 51 Tex. Civ. App. 646, 113 S. W. 628.

[14] The fifth assignment of error is based upon the refusal of the trial court to give the jury special charge No. 9 copied in the discussion of the fourth assignment. To have answered the question as directed "yes" or "no" would not have furnished the court with any affirmative fact which would have given any additional information beyond the facts found in the answers to the questions propounded. In the discussion of the first assignment, the conclusion has been reached that the facts found by the jury embraced the fact that the fire was set out by sparks which were not necessarily emitted by the engine or engines which emitted the sparks setting fire to the grass. It therefore follows that, had the jury answered this question in the affirmative, that is, it could find which kind of sparks set out the fire, no additional information would have been furnished; and, since an affirmative answer necessarily rebuts a negative one, it is our opinion there was no error committed in refusing to deliver this instruction to the jury. Plaintiff cites the case of H. & T. C. Ry. Co. v. Hanson (Tex. Civ. App.) 227 S. W. 375, where it

was held that a similar charge should have been given; but a careful analysis of the pleadings upon which the plaintiff based the right to recover demonstrates that this case does not support the contention of plaintiff in error under the pleadings and evidence in this case.

The case of Fort Worth & D. C. R. Co. v. Speer (Tex. Civ. App.) 212 S. W. 762, is also cited by plaintiff in error in support of its contention that special charge No. 9 should have been given, but an inspection of that case will disclose that the charge requested and refused which should have been given was an *affirmative* presentation of the defendant's theory and defense which grouped the facts upon which it relied and called for a finding thereon, while the special charge under discussion did not do this, but, on the contrary, it presented, affirmatively, the theory upon which the plaintiff sought a recovery, and, negatively, the theory upon which the defendant sought to defend against the demand. It is evident that this charge was not in compliance with article 1984a, but is in direct conflict with one of its provisions. We do not believe the Court of Civil Appeals erred in upholding the action of the trial court in refusing this special charge, and therefore are constrained to overrule this assignment.

[15] The sixth assignment is based upon the action of the trial court in refusing to submit requested issues Nos. 3 and 4, which action was sustained by the Court of Civil Appeals. These issues are substantially the same; issue No. 3 referring to the engineer in charge of engine 153, and issue No. 4 to the engineer in charge of engine 302. Issue No. 3 is as follows:

"(a) Was the engineer handling engine No. 153 on March 14, 1920, at the times and places alleged in plaintiffs' petition a competent engineer? You will answer 'yes' or 'no.'

"(b) Was the engineer who was handling engine No. 153 on March 14, 1920, at the places alleged in plaintiffs' petition exercising ordinary care in the handling of said engine so as to prevent sparks escaping therefrom, other than such as were ordinary and necessary in its operation? You will answer 'yes' or 'no.'"

It is apparent that, had this been submitted and answered, two facts would have been found; one that the engineer was or was not competent, and the other that he did or did not exercise ordinary care in handling the engine. This being true, that portion of article 1984a which provides each special issue shall be submitted separately and without being intermingled with any other was violated. The jury could not have answered "yes" or "no" as the requested issue demanded, had it found the engineer was competent, about which there was no conflict, but that he did not exercise ordinary care in handling the engine. Yet, had the requested is-

sues been in proper form, it is our opinion the trial court did not err in refusing to submit them, because the competency of the engineers was not a seriously controverted matter, and the other issue as to the care in handling the engine was submitted by the court in its main and specially requested charges. We therefore overrule this assignment.

The seventh assignment of error complains of the manner in which the trial court submitted issue No. 2, claiming that it was too broad and did not confine the jury to the evidence under the pleading relating to the operation of the engine that set fire to plaintiffs' grass.

It is contended that the decision in Jamison Gin Co. v. Measels (Tex. Civ. App.) 207 S. W. 365, supports this assignment. In that case damages were sought on account of the alleged improper and negligent operation of the gin, whereby plaintiff was damaged in the use of his property, and his health injured; the manner of its operation being specifically alleged as constituting the negligence from which the damages resulted. The trial court submitted only two issues; one relating to the allegations and the evidence affecting the liability of defendant, and the other relating to the measure and amount of the damages. Issue No. 1 was:

"Were the defendants in the years 1913 and 1914 guilty of negligence, as that term has been defined in this charge?"

To this the jury answered, "Yes." Error was urged to the form in which this issue was submitted, contending that it did not confine the jury in finding negligence to the allegations in the petition, but allowed the jury in finding negligence to consider matters not pleaded. This contention was sustained. It may be noted in that case the plaintiff gave testimony, without objection, as to matters not alleged which might have been considered by the jury in passing upon this issue, which was ineffectually sought to be controlled by a requested charge. A wholly different situation is presented by the record in this case. The defendants in error did allege that one of the acts of negligence was the manner in which the engines which set fire to the grass were operated, and the court explained the phrase "ordinary care" used in submitting this issue. Besides, the jury had the benefit of special charges 3 and 5 requested by the plaintiff in error and given by the court, which further explained the phrase and thereby, in our opinion, fully guarded its rights in the premises.

We overrule this assignment, and, since we have been unable to find any error authorizing us to sustain any of the assignments presented in the application for the writ of error which were committed by the Court of Civil Appeals in affirming the judgment of the district court, we recommend that the

judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.